[Civ. No. 28217. First Dist., Div. Three. June 11, 1970.]

CITY OF KING CITY, Petitioner, v.
ROBERT L. THOMMARSON, as City Clerk, etc., Respondent.

## Counsel

Wilson, Jones, Morton & Lynch and Robert G. Auwbrey for Petitioner.

Gordon R. Daley, City Attorney, for Respondent.

## Opinion

**DRAPER, P. J.**—Can a city bond issue, authorized by a two-thirds vote of the people at a maximum interest rate of 6 percent, be amended by a like vote of the people to authorize a higher interest rate? That is the question presented in this original proceeding in mandamus.

Petitioner is a general law city. On April 22, 1969, its council adopted an ordinance calling an election for the issuance of $1,120,000 of general obligation bonds for improvement of the city's sewage treatment and disposal plant. This ordinance was incorporated by reference in the proposition voted upon by the people. It specified, as required by statute (Gov. Code, § 43610), the maximum interest rate to be paid upon such bonds. It fixed this maximum at 6 percent, the most then allowed by the same code section. The proposal was approved by more than two-thirds of the voters. By statute effective July 25, 1969 (Stats. 1969, ch. 600, § 6) section 43610 was amended to increase the maximum allowable rate to 7 percent. The bond market was such that King City bonds could not be sold at a 6 percent rate. The council adopted an ordinance on March 24, 1970, submitting to a new

election the proposition "Shall the maximum interest rate be changed from 6% to 7% on the $1,120,000 issue of City bonds authorized on June 10, 1969 . . . ." On April 14, 1970, this proposition was approved by more than two-thirds of the voters. The council then directed respondent city clerk to publish a call for bids on the bonds at a maximum interest rate of 7 percent. He refused to do so, asserting the absence of any express authority in Constitution or statute for amendment of a bond authorization previously approved. The city then filed with us this petition for writ of mandate directing respondent clerk to publish the call for bids.

Application to this court, without earlier petition to a trial court (Cal. Rules of Court, rule 56(a)) seems warranted. Petitioner has moved promptly, applying here only three weeks after the vote upon the amended bond proposition. Delay in decision would be costly, since without the authorized improvements in its sewage system the city will be subject to substantial fines for failure to meet standards set by the Regional Water Quality Control Board. A federal grant will be lost if the city is unable to secure proceeds of the bond issue by June 30. In the current bond market, such problems are likely to arise in many cities. It follows that we should accept jurisdiction (*City of Los Angeles* v. *Dannenbrink,* 234 Cal.App.2d 642 [44 Cal.Rptr. 624].)

█ We share respondent's inability to find any express authorization in Constitution or statute for amendment of the interest rate limitation in the original bond approval. But we do not consider this absence of express authorization to be a bar to the action taken.

"The power to legislate includes by necessary implication the power to amend existing legislation" (*Johnston* v. *City of Claremont,* 49 Cal.2d 826, 835 [323 P.2d 71]; see also *Blotter* v. *Farrell,* 42 Cal.2d 804, 811 [270 P.2d 481]). Of course, in light of the Legislature's plenary power over non-charter cities, it might well prohibit amendment of specified ordinances. But there is no such prohibition, express or implied. Unlike respondent, we believe the authority to amend is implied when it is not expressly or by implication barred. Here, the amendment was adopted by the same legislative authority—the council and two-thirds of the people voting at a duly noticed election—as was required for the initial legislation.

As implied above, we do not meet here the problem presented when a city council, without reference to the voters, seeks to increase the maximum interest rate specified in the original bond proposal approved by the electorate. A new article (Gov. Code, §§ 53530-53532) provides that the bonds may bear interest at a rate, not to exceed 7 percent, "determined by the legislative body in its discretion" (§ 53531) and permits sale of bonds at a discount provided the yield to the purchaser does not exceed 7 percent

(§ 53532). If the increase before us had not been submitted to the voters, questions would arise as to whether the "legislative body" referred to in section 53531 is the council or the voters. If only the former, a further question would arise as to the applicability of Supreme Court decisions (e.g. *Skinner* v. *City of Santa Rosa,* 107 Cal. 464 [40 P. 742]; *Peery* v. *City of Los Angeles,* 187 Cal. 753 [203 P.2d 992, 19 A.L.R. 1044]). The distinction of those decisions articulated in a recent decision (*Eastern Municipal Water Dist.* v. *Scott,* 1 Cal.App.3d 129 [85 Cal.Rptr. 510]) has no application here. The constitutional requirement for a two-thirds vote of the electorate to authorize indebtedness (Const., art. XI, § 18) applies only to a "county, city, town, township, board of education, or school district." The case just cited dealt only with an entity not included within this requirement. Thus its assertion that *Skinner* and *Peery* apply only constitutional limitations, and do not turn upon contractual limitation, would be meaningless when a city is involved. In light of the limitations upon our function as an intermediate appellate court (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]), we could not disregard those decisions in our case, to which they clearly apply. We should also question petitioner's suggestion, made only collaterally here, that the constitutional restrictions apply only to the principal, and not the interest, of the bonds. *Peery* (p. 768) holds flatly that " 'the interest on the bond is part of the bond'." We have digressed to point out what we do not hold only because this issue is raised parenthetically here, and has been asserted in other writ applications.

We conclude that, absent intervention of vested rights, the terms of the bond issue may be amended by the same legislative authorities, i.e., council and people, which originally adopted it, and that the bond authorization as amended is valid.

Let peremptory writ of mandate issue as prayed.

Brown (H. C.), J., and Caldecott, J., concurred.