[Civ. No. 40404. Second Dist., Div. Four. June 5, 1973.]

CARL R. JENSEN, Plaintiff and Appellant, v.
ALLSTATE INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Lascher & Rader, Edward L. Lascher, Ronald M. Telanoff and Frederick Barak for Plaintiff and Appellant.

Munger, Tolles, Hills & Rickershauser and Carla A. Hills for Defendant and Respondent.

**OPINION**

**KINGSLEY, J.**—Plaintiff appeals from an order dismissing a purported class action after an order sustaining a special demurrer to a second

amended complaint and also sustaining without leave to amend a general demurrer to that complaint. For the reasons stated below we conclude that the demurrer was properly sustained without leave to amend and, therefore, affirm the judgment (order of dismissal).

## I

We dispose, first, of certain procedural contentions made by the plaintiff which we deem unfounded or nonprejudicial.

## A

■ The time for defendant to plead to the second amended complaint expired on November 1, 1971. Since no pleading was then on file, plaintiff, on November 3, 1971, duly filed his request for entry of default, which he duly served by mail on counsel for defendant. On November 8, 1971, defendant filed a motion to "strike plaintiff's request to enter default," to "enlarge defendant's time for filing a demurrer," together with supporting affidavits and a proposed demurrer. The trial court granted the motions and sustained the demurrer without leave to amend.[1]

Plaintiff here contends that, once the request for entry of default was filed, the trial court had no jurisdiction to take any action except to enter a default as requested, leaving to defendant the right, *thereafter,* to file a motion under section 473 of the Code of Civil Procedure for relief from that default. While the cases cited by plaintiff contain language to that effect, we cannot see, in the procedure followed by the trial court, any prejudice to plaintiff. As we discuss below, the papers filed by defendant were ample to meet the requirements for relief under section 473. To require the trial court to enter a default only to set it aside immediately would sacrifice common sense for pure formality; for us to reverse the judgment merely to have the trial court go through those motions would be nonsense compounded.

## B

■ Contrary to plaintiff's contentions, we regard the papers filed in support of the motions for relief to be sufficient to satisfy the requirements imposed by section 473 of the Code of Civil Procedure. It is admitted by plaintiff that the reason assigned for failure to plead on time

---

[1]By stipulation, the demurrer was argued and determined at the same hearing as the motions to strike the request and to extend time.

was legally adequate.[2] The objections are: (a) that the request for relief was accompanied by a demurrer and not by an answer; and (b) that the request was not accompanied by any "affidavit of merits."

(a) The first objection is answered by the very language of section 473; that section provides in pertinent part, that "[a]pplication for such relief must be accompanied by a copy of the answer *or other pleading* proposed to be filed . . . ." (Italics added.)

(b) In *First Small Business Inv. Co.* v. *Sistim, Inc.* (1970) 12 Cal. App.3d 645 [90 Cal.Rptr. 798], Mr. Justice Gustafson discussed at length the matter of affidavits of merits. His opinion points out that the statute no longer specifically requires such an affidavit and that the courts have held that any requirement that the moving party should show that there was reason to proceed with the case was met by meeting the present statutory requirement that the motion be accompanied by a copy of the proposed pleading. It is true that, in that case, the proposed pleading was an answer; but, since the statute expressly allows relief in order to file other pleadings, we see no reason why a demurrer, if it raises meritorious issues of law, should not be as satisfactory. Of course, just as a proposed answer which clearly raises no defense will not support a motion for relief, so a demurrer purely frivolous on its face will not suffice. But, as *Sistim* points out, a motion under section 473 is not the time or place to litigate whether a purported defense is actually valid; so it is not the time or place to litigate the validity of a demurrer. Since, as we point out below, the demurrer herein proposed by defendant was not frivolous, the motion was adequately supported and properly granted.[3]

## II

As we read the complaint, plaintiff Jensen contends that he, and the members of the class he seeks to represent, purchased insurance from defendant and were "billed"[4] for premiums based on defendant's established rates for the insurance coverage then requested. He then alleges that he (and his classmates), during the term of those policies, agreed with defendant to delete part of the coverage initially purchased, but that

[2]The excuse tendered was an error in office calendaring.

[3]Since it is unethical for an attorney to interpose a demurrer which he does not believe well founded (see rule 13, Rules of Professional Conduct), it would add nothing of substance to require him to file an affidavit that he was not violating his obligation as an attorney. The "affidavit of merits" which plaintiff seeks to require here would do no more.

[4]It is not clear from the complaint whether the premium called for under the policies as issued was paid in advance or whether it was payable in installments.

defendant refused and refuses to make any adjustment in the premium, other than to establish a book credit, available only to reduce the premium to be billed in a future policy year, if the policy is, in fact, renewed.

## III

As grounds for its demurrer, defendant urged in the trial court, and urges here, sundry matters going to the propriety of the action as a class suit. In light of *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800 [94 Cal. Rptr. 796, 484 P.2d 964], we regard the contentions made as not forming a legitimate ground of demurrer. The complaint does allege a community of interest among a large number of policyholders, involving claims each too small to justify individual litigation. Whether or not a class action is proper in this case should be determined by the kind of noticed hearing for which *Vasquez* provides.[5]

## IV

However, we conclude that the complaint, in addition to sundry ambiguities and uncertainties (which possibly could be cured by amendment) is subject to a general demurrer for failure to state a cause of action.

Plaintiff relies on the provisions of section 481 of the Insurance Code, which section reads as follows: *"Unless the insurance contract otherwise provides,* a person insured is entitled to a return, of premium if the policy is canceled or rescinded, as follows:

"1. To the whole premium, if no part of his interest in the thing insured is exposed to any of the perils insured against.

"2. Where the insurance is made for a definite period of time, and the insured surrenders his policy, to such proportion of the premium as corresponds with the unexpired time, after deducting from the whole premium any claim for loss or damage under the policy which has previously accrued. The provisions of section 482 apply only to the expired time." (Italics added.)

As we indicate, the statute, by its terms, permits the parties to make their own contract for the return of an unearned premium. But plaintiff has never pleaded the terms of the insurance policies herein involved and,

---

[5]Whether the "class" consists of current, or of past insureds, or both, we regard as a matter to be developed at the *Vasquez* hearing. Whether the class consists only of California insureds goes to the permissible scope of the class action—also a matter for the *Vasquez* hearing.

in his memoranda filed in the court below, he expressly rejected the idea that his claim depended, in any way, on particular policy language.[6]

The judgment (order of dismissal) is affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied June 25, 1973, and appellant's petition for a hearing by the Supreme Court was denied August 1, 1973.

---

[6]Thus, in his opposition to the demurrer interposed against the demurrer to the original complaint, plaintiff said: "The case at bar is not a breach of contract action, it is a tort action founded upon a violation of statute."

Again, in opposition to the demurrer interposed to the first amended complaint, plaintiff said: "The case at bar is a simple tort action based on Defendant ALLSTATE's failure to abide by California Insurance Statutes . . . ."