[Civ. No. 43287. Second Dist., Div. Five. Oct. 28, 1974.]

ALVIN WECHSLER, Plaintiff and Appellant, v.
LASKEY-WEIL, INC., et al., Defendants and Respondents.

## COUNSEL

Alvin Wechsler, in pro. per., Hirsch, Marcus & Wechsler, Marcus, Wechsler & Weiss and Lyn H. Marcus for Plaintiff and Appellant.

Alef & Schnitzer for Defendants and Respondents.

## OPINION

**STEPHENS, J.—** This appeal is from an order sustaining a demurrer to a first amended complaint on the sole ground that "no claim properly cognizable as a class action is stated." In all other respects, the demurrer was overruled.

The case of *Daar* v. *Yellow Cab Co.*, 67 Cal.2d 695, 699 [63 Cal.Rptr. 724, 433 P.2d 732] determined that where the legal insufficiency of the complaint as a class action is sought to be determined by an order sustaining the demurrer, the order is tantamount to a dismissal of the class action and is an appealable order.

The first amended complaint purports to state a cause of action on behalf of a class composed of former tenants of apartment houses owned and operated by defendants. It is alleged that at the termination of their leases the members of the class did not receive any interest on the key and security deposits which they were required to leave with defendants

pursuant to their leases.[1] The propriety of the action as a class action was not raised by demurrer. However, the court sustained the demurrer on this basis. ■ Appellant contends that the propriety of the action as a class action is not a legitimate ground for demurrer. In support of his position, appellant relies on *Jensen* v. *Allstate Ins. Co.*, 32 Cal.App. 3d 789, 793 [108 Cal.Rptr. 498]. The *Jensen* court stated: "As grounds for its demurrer, defendant urged in the trial court, and urges here, sundry matters going to the propriety of the action as a class suit. In light of *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800 . . ., we regard the contentions made as not forming a legitimate ground of demurrer. . . . Whether or not a class action is proper in this case should be determined by the kind of noticed hearing for which *Vasquez* provides.[5]" (Fn. 5: "Whether the 'class' consists of current, or of past insureds, or both, we regard as a matter to be developed at the *Vasquez* hearing. Whether the class consists only of California insureds goes to the permissible scope of the class action—also a matter for the *Vasquez* hearing.") In *Vasquez*, the Supreme Court held that the courts in California should adopt a hearing procedure such as is specified in Civil Code section 1781,[2] subdivision (c), which is part of the Consumers Legal Remedies

[1]Under the terms and conditions of said lease agreement, plaintiff agreed to, and did, deposit with Regency as lessor the sum of $170 to be held by the lessor as a security deposit until such time as said lease should terminate; and agreed to, and did, deposit with lessor the sum of $5 to be held by the lessor as a key deposit until such time as said lease should terminate; and at such time as the said lease should terminate said sums were to be returned to plaintiff provided that plaintiff was not in default under the lease and did return the keys to the lessor.

[2]Section 1781 in pertinent part provides: "(a) Any consumer entitled to bring an action under Section 1780 may, if the unlawful method, act, or practice has caused damage to other consumers similarly situated, bring an action on behalf of himself and such other consumers to recover damages or obtain other relief as provided for in Section 1780.

"(b) The court shall permit the suit to be maintained on behalf of all members of the represented class if all of the following conditions exist:

"(1) It is impracticable to bring all members of the class before the court.

"(2) The questions of law or fact common to the class are substantially similar and predominate over the questions affecting the individual members.

"(3) The claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class.

"(4) The representative plaintiffs will fairly and adequately protect the interests of the class.

"(c) If notice of the time and place of the hearing is served upon the other parties at least 10 days prior thereto, the court shall hold a hearing upon motion of any party to the action which is supported by affidavit of any person or persons having knowledge of the facts, to determine if any of the following apply to the action:

"(1) A class action pursuant to subdivision (b) is proper.

"(2) Published notice pursuant to subdivision (d) is necessary to adjudicate the claims of the class.

Act, in order to determine whether the requirements of a class action are satisfied.

On April 3, 1973, following the dictate of the *Vasquez* opinion, the Superior Court of Los Angeles County adopted a manual which requires pretrial hearings in class action suits to determine class issues. In light of this elaborate procedure adopted by the superior court following the dictates of the Supreme Court, we agree with the rationale of the *Jensen* decision, and hold that the trial court in the present case erred in determining whether this action is cognizable as a class action at the demurrer stage. In the instant case—especially since defendants did not raise any class issues in their demurrer—[3] they must await a determination of whether a proper class was alleged in the hearing, as provided by rule 421 of the manual adopted by the Superior Court of Los Angeles County.[4]

The order sustaining the demurrer to the first amended complaint is reversed.

Kaus, P. J., and Hastings, J., concurred.

---

"(3) The action is without merit or there is no defense to the action.
"A motion based upon Section 437c of the Code of Civil Procedure shall not be granted in any action commenced as a class action pursuant to subdivision (a)."

[3]In fact, the demurrer presumes the existence of a class. Quoting from the demurrer: "2. Paragraph 14 is uncertain in that it is not clear from that paragraph whether or not the other members of the class for whom the plaintiff sues were parties to written leases and whether or not the written leases, if any, contained the same provisions as the lease executed by the plaintiff."

[4]We do not intend to say (nor do we believe the Supreme Court has dictated) that in a case where there is patently no class alleged, the mere designation of the matter as a class action is sufficient.