[Civ. No. 44370. Second Dist., Div. One. Apr. 16, 1975.]

SANTA BARBARA OPTICAL COMPANY, INC., et al.,
Plaintiffs and Appellants, v.
STATE BOARD OF EQUALIZATION, Defendant and Respondent.

**COUNSEL**

Danch & Lagomarsino and Joel B. Steinfeld for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Ernest P. Goodman, Assistant Attorney General, Philip C. Griffin and Rodney Lilyquist, Jr., Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**LILLIE, J.**—The named plaintiffs, dispensing opticians, brought this class action for a refund of sales taxes paid to defendant by them and others "similarly situated" (unnamed plaintiffs). Defendant demurred to the complaint on the ground that it failed to state a cause of action in

favor of the unnamed plaintiffs; the demurrer was sustained with leave to amend only as to them; they declined to amend and judgment of dismissal was entered pursuant to section 581, subdivision 3, Code of Civil Procedure. Plaintiffs appeal from the judgment.[1]

We accept as true the material allegations of the complaint under settled principles relating to demurrers. It alleges that the named plaintiffs are registered dispensing optical corporations doing business in California, they bring the action on behalf of themselves and all the unnamed plaintiffs similarly situated—all other registered dispensing opticians conducting business in California prior to July 1, 1971—a well defined community of interest in questions of law and fact exists between the named plaintiffs and the other members of the class and .it is impracticable to bring all members of the class before the court as individual plaintiffs because they are numerous and located throughout the state; the action is brought under authority of section 6933, Revenue and Taxation Code, to recover sales taxes erroneously and unlawfully collected from all plaintiffs up to July 1, 1971; effective that date, section 6018 was amended to include plaintiffs in the group of medical practitioners deemed not to be retailers, and thus not thereafter obliged to pay sales taxes to defendant; prior thereto the assessment and collection of sales taxes was discriminatory and deprived plaintiffs of equal protection of the laws; on March 16, 1973, the named plaintiffs, in behalf of themselves and all others similarly situated, filed a claim for refund of sales taxes and interest thereon with defendant, and by written notices mailed May 16, 1973, defendant denied their claim in full; named plaintiffs seek specific refund amounts and 6 percent interest thereon, and each member of the class seeks refund in an amount according to proof, with interest thereon, upon receipt of which refunds they will return the taxes to their respective customers.

■ According to the minute order, the demurrer was sustained on the single ground that the complaint contained "no allegation that such other [unnamed] plaintiffs have filed claims as required by law. Otherwise demurrers overruled." Although sections 6902 and 6905, Revenue and Taxation Code, make the filing of a claim for a refund of

[1]An appeal of course may be taken from the order of partial dismissal eliminating the class aspect of the case while the action proceeds as to the expressly named plaintiffs. (*Daar v. Yellow Cab Co.*, 67 Cal.2d 695, 699 [63 Cal.Rptr. 724, 433 P.2d 732]; *Wechsler v. Laskey-Weil, Inc.*, 42 Cal.App.3d 728, 729 [117 Cal.Rptr. 237]; *Hebbard v. Colgrove*, 28 Cal.App.3d 1017, 1021 [105 Cal.Rptr. 172].)

sales taxes with defendant mandatory,[2] and section 6932 bars any court action for such refund unless such claim is timely filed with defendant, we nevertheless conclude the trial court erred in sustaining the demurrer.

The complaint alleges that the named plaintiffs filed a claim with defendant in behalf of themselves and all others similarly situated, and attached thereto, incorporating therein, a document filed with defendant commencing, "The named claimants . . . respectfully claim in behalf of themselves and in behalf of all others similarly situated (specifically, all other registered dispensing opticians conducting business in the State of California) a refund for sales taxes illegally collected. . . . " Respondent argues that a claim form which does not expressly identify a claimant by his correct name and account number and fails to set forth the specific amount of the refund fails to meet the statutory requirements for a proper claim.[3] A similar contention was rejected by the Supreme Court in *City of San Jose* v. *Superior Court,* 12 Cal.3d 447 [115 Cal.Rptr. 797, 525 P.2d 701], involving a class suit wherein named plaintiffs had filed a claim for themselves and on behalf of other class members pursuant to section 910, Government Code,[4] which *unlike section 6902* or any of its

---

[2]Section 6902: "(a) Except as provided in subdivision (b) no refund shall be approved by the board after three years from the last day of the month following the close of the quarterly period for which the overpayment was made, or, with respect to determinations made under Article 2, 3 or 4 of Chapter 5 of this part, after six months from the date the determinations become final, or after six months from the date of overpayment, whichever period expires the later, unless a claim therefor is filed with the board within such period. No credit shall be approved by the board after the expiration of such period unless a claim for credit is filed with the board within such period, or unless the credit relates to a period for which a waiver is given pursuant to Section 6488.

"(b) A refund may be approved by the board for any period for which a waiver is given under Section 6488 if a claim therefor is filed with the board before the expiration of the period agreed upon."

Section 6905: "Failure to file a claim within the time prescribed in this article constitutes a waiver of any demand against the State on account of overpayment."

[3]The record does not contain the *trial court's* rationale of its ruling. We reasonably assume that it accepted the theories advanced by defendant.

[4]Section 910: "A claim shall be presented by the claimant or by a person acting on his behalf and shall show:

"(a) The name and post office address of the claimant;

"(b) The post office address to which the person presenting the claim desires notices to be sent;

"(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;

"(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim;

"(e) The name or names of the public employee or employees causing the injury, damage, or loss, if known; and

"(f) The amount claimed as of the date of presentation of the claim, including the

related sections[5] patently requires specific identification of each claimant. "We conclude 'claimant,' as used in section 910, must be equated with the class itself and therefore reject the suggested necessity for filing an individual claim for each member of the purported class. To require such detailed information in advance of the complaint would severely restrict the maintenance of appropriate class actions—contrary to recognized policy favoring them. (Code Civ. Proc., § 382; see also *Vasquez* v. *Superior Court, supra,* 4 Cal.3d 800.) We do not believe the claims statutes were intended to thwart class relief.

"Moreover, treating the class as claimant is consistent with treatment of the class for purposes of filing the complaint. While section 422.40 of the Code of Civil Procedure requires a complaint to name the 'parties,' it is settled the pleading need only establish the existence of an ascertainable class rather than name each member of the class. (*Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 706 [63 Cal.Rptr. 724, 433 P.2d 732].)

"Thus, to satisfy the claims statutes, the class claim must provide the name, address, and other specified information concerning the *representative* plaintiff and then sufficient information to identify and make ascertainable the class itself. Because such information would meet the statutory requirements of name and address, *any* effort to identify the class would satisfy the *some compliance* test. Beyond this, the sufficiency of the identifying information must be measured by the *substantial compliance* test.

"It is therefore clear a class claim may satisfy the claims statutes requirements." (P. 457.)

Respondent attempts to distinguish *City of San Jose* on the ground that it concerns a claim for nuisance and inverse condemnation, while this is a claim for refund of sales taxes; but it is a distinction without a difference. It also cites *Bozaich* v. *State of California,* 32 Cal.App.3d 688 [108 Cal.Rptr. 392], a class action to recover moving and relocation expenses on behalf of every person who had been required to move in

---

estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed."

[5]Similarly, no statute in *pari materia* with section 6902 requires any express information; the "closest" is section 6904, which provides that "Every claim shall be in writing and shall state the specific grounds upon which the claim is founded."

connection with eminent domain proceedings brought by the state; but *Bozaich* is distinguished in *City of San Jose:* "Language indicating a contrary conclusion [to ours] in *Bozaich* v. *State of California, supra,* 32 Cal.App.3d 688, must be read in light of that court's limitation of its holding in its footnote 5, page 699,[6] recognizing the possibility of proper class claims." (P. 457, fn. 5.) Respondent also argues it is impossible to act on a claim for refund filed on behalf of a group of unnamed class members where no specific amount is claimed; but a similar contention was rejected in *Javor* v. *State Board of Equalization,* 12 Cal.3d 790 [117 Cal.Rptr. 305, 527 P.2d 1153]. The Supreme Court in reversing a judgment of dismissal against class suit plaintiffs also seeking sales tax refunds from defendant, said: "The exact amount of this sales tax overage can be easily ascertained from the books and records of the retailers." (P. 797.) Obviously defendant could determine the specific identity of each unnamed plaintiff and the amount of his sales tax payments from its own files.

Respondent's unsupported declaration that class actions are not permitted by statute in state tax refund matters, is completely negated in *Javor* v. *State Board of Equalization,* 12 Cal.3d 790 [117 Cal.Rptr. 305, 527 P.2d 1153], "Under the circumstances, suffice it to say after an examination of the complaint that it states sufficient facts to constitute a class action under section 382 of the Code of Civil Procedure since there is (1) 'an ascertainable class' and (2) 'a well defined community of interest in the question of law and fact involved affecting the parties to be represented.' (*Daar* v. *Yellow Cab Co., supra,* at p. 704; *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 808-810 [94 Cal.Rptr. 796, 484 P.2d 964.)

---

[6]This footnote states: "We are mindful that circumstances might arise under which it might be said that the filing of a class claim with the public entity amounted to compliance with the claim-filing requirements of the Government Code in the strict sense because it satisfied fully the intents and purposes of those requirements. For example, it is arguable that where the members of a class are readily ascertainable, have a well-defined community of interest in the facts, seek a common recovery, and where the state's liability to the entire class is easily discoverable from its own records, individual claims from each claimant would serve no useful purpose and should be dispensed with. This is not such a case, and we limit our opinion accordingly."

The cause at bench is precisely such a case as is anticipatorily described in the footnote.

Even if *City of San Jose* and *Bozaich* were diametrically opposed, we would nevertheless be compelled to follow the Supreme Court's opinion. (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]; *City of King City* v. *Thommarson,* 8 Cal.App.3d 651, 654 [87 Cal.Rptr. 757]; *Orange County Water District* v. *City of Riverside,* 173 Cal.App.2d 137, 165-166 [343 P.2d 450].)

"The complaint before us alleges an ascertainable class of multitudinous consumer-purchasers of the described vehicles during the approximate four-month period, all of whom according to later developments have paid a sales tax based on the amount of the refunded federal excise tax and now no longer entitled to be retained by the state. . . . The questions of law and fact are common to all members of the class. If a class suit were not permitted a multiplicity of actions will be necessary in order to effectuate recovery by the individual purchasers. Since in many instances, the small amount involved may discourage an individual action as economically impractical, the state would be unjustly enriched, if a class suit were not permitted. (Compare *Daar, supra,* at pp. 713-715.)" (Pp. 796-797.) The one case cited by respondent, *Henderson* v. *Carter* (1972) 229 Ga. 876 [195 S.E.2d 4], was decided upon the ground of sovereign immunity pursuant to an express Georgia statute different from that of California.

Totally specious is respondent's further argument that the class suit is improper in that the additional requirement of a community of interest in the *issues of fact* (§ 382, Code Civ. Proc.)[7] is not met because each unnamed plaintiff is entitled to recover a different amount. The complaint alleges existence of a well defined community of interest in questions of law and fact between the named plaintiffs and the other class members. The mere fact that ultimately each class member will be required to establish his individual amount of damages does not preclude the maintenance of a class action. (*Collins* v. *Rocha,* 7 Cal.3d 232, 238 [102 Cal.Rptr. 1, 497 P.2d 225]; *Vasquez* v. *Superior Court,* 4 Cal.3d 800, 815 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513]; *Stilson* v. *Reader's Digest Assn., Inc.,* 28 Cal.App.3d 270, 274 [104 Cal.Rptr. 581].)

Respondent's additional suggestion that a class suit seeking a refund of sales taxes would work a disadvantage to the judicial process and the litigants is also answered in *Javor:* "If a class suit were not permitted, a multiplicity of actions will be necessary in order to effectuate recovery by the individual purchasers." (P. 797.) Similarly, *Javor,* by permitting such an action, destroys respondent's argument that because a suit may lead

---

[7]"If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

to the disclosure of the amount of sales tax each unnamed plaintiff had paid, it would nullify the "absolutely privileged" confidentiality of this information granted by section 7056, Revenue and Taxation Code.

Throughout, respondent has taken the position that the unnamed plaintiffs did not qualify as "claimants" under the claims sections of the Revenue and Taxation Code. On the other hand, it separately contends that they were claimants but claimants whose claims had never been disallowed by it in writing thus, under section 6934, Revenue and Taxation Code, the complaint filed less than six months from the filing of the claims was premature. Accepting as true the allegation in the complaint that "By written notices mailed on May 16, 1973 . . . defendant notified plaintiffs it had denied their claim in full," we conclude that the complaint was timely filed pursuant to section 6933.[8]

The order of dismissal is reversed with directions to the trial court to overrule the demurrer in its entirety.

Wood, P. J., and Hanson, J., concurred.

A petition for a rehearing was denied May 12, 1975, and respondent's petition for a hearing by the Supreme Court was denied June 11, 1975.

---

[8]Section 6933: "Within 90 days after the mailing of the notice of the board's action upon a claim filed pursuant to Article 1 of this chapter, the claimant may bring an action against the board on the grounds set forth in the claim in a court of competent jurisdiction in any city or city and county of this State in which the Attorney General has an office for the recovery of the whole or any part of the amount with respect to which the claim has been disallowed.

"Failure to bring action within the time specified constitutes a waiver of any demand against the State on account of alleged overpayments."