OPINION
FROEB, Judge.
Article 4, part 2, section 18, of the Arizona Constitution provides: “The Legislature shall direct by law in what manner and in *322 what courts suits may be brought against the State.” This appeal deals with the statutory requirement that notice be given to the state of a claim against it prior to the filing of a lawsuit. A.R.S. § 12-821. The question we must answer is whether a claim on behalf of a class of persons is sufficient compliance with A.R.S. § 12-821 to give the superior court jurisdiction over a class action. We find that it is not.
Appellants filed individual and class claims against the state defendants (State of Arizona, Department of Economic Security and Department of Corrections) and against non-state defendants (Maricopa County, Circle S Ranch and various administrators and employees of the Ranch). This appeal challenges only the trial court’s dismissal of appellants’ class claims against the state defendants, leaving intact their class claims against the non-state defendants and their individual claims against all defendants.
Appellants seek damages for physical and emotional abuse they and others suffered while they were residents at the Circle S Ranch, a child welfare agency under the supervision of the state for the treatment of delinquent and emotionally disturbed children.[1]
On June 5, 1979, appellants submitted a claim for $8,000,000 on behalf of themselves and all others similarly situated against the Department of Economic Security seeking damages for breach of the state’s duty of care in the regulation and supervision of the Circle S Ranch. This claim and a similar claim against the Department of Corrections submitted on August 9, 1979, were denied on June 20 and September 25, 1979, respectively.
Thereafter, appellants filed suit on November 6, 1979. The amended complaint sought relief individually and on behalf of the class of persons consisting of “[a]ll children under the age of majority or who have reached the age of majority within the period of limitations herein applicable and who were placed at Circle S [Ranch].” The state defendants moved to dismiss the complaint upon the ground that A.R.S. § 12-821 requires the presentation of individual claims. The motion was granted.
Appellants then sought special action relief in the Arizona Supreme Court from the dismissal of their class action. Upon the supreme court’s denial of jurisdiction, the trial court, pursuant to rule 54(b), Arizona Rules of Civil Procedure, entered final judgment dismissing appellants’ class action against appellees.
Before reaching the merits of this appeal, we address a procedural matter raised by appellees. They argue that this appeal is premature due to appellants' failure to move for class certification as required by rule 23, Rules of Civil Procedure. We reject this argument for two reasons. First, the dismissal of appellants’ class action, even though not certified under rule 23, is a final judgment from which appellants may appeal. A.R.S. § 12-2101(B); Reader v. Magma-Superior Copper Co., 108 Ariz. 186, 494 P.2d 708 (1972). Second, appellees did not raise this issue in the trial court and are precluded from doing so now. Cote v. A.J. Bayless Markets, Inc., 128 Ariz. 438, 626 P.2d 602 (App.1981). We therefore address the merits.
In Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107 (1963), the Arizona Supreme Court abrogated the doctrine of sovereign immunity and allowed suits for negligence to be brought against the state. The court has pointed out, however, that claimants must first meet prerequisites of the claims presentation statute, A.R.S. § 12-821. State v. Stone, 104 Ariz. 339, 452 P.2d 513 (1969).
The parties agree that filing a claim in accordance with A.R.S. § 12-821 is a jurisdictional prerequisite to the filing of a suit against the state. Dassinger v. Oden, 124 *323 Ariz. 551, 606 P.2d 41 (App.1979); State v. Brooks, 23 Ariz.App. 463, 534 P.2d 271 (1975). We have recently held that disallowance of the claim is not a jurisdictional prerequisite. Mammo v. State, 138 Ariz. 528, 675 P.2d 1347 (App.1983).
A.R.S. § 12-821 states as follows:
Persons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment.
There is no dispute that appellants timely filed their claim and that it was disallowed. A sum certain was demanded for the class, but amounts were not claimed for individuals. The trial court dismissed appellants’ class claim on the ground that A.R.S. § 12-821 requires the identification of specific claims and claimants.
Appellants argue that the phrase “persons having claims” may be satisfied by class notice. They argue that the statute does not specifically bar class claims; that rule 23, Rules of Civil Procedure, expresses a clear policy to allow class redress of claims and that this should be read into A.R.S. § 12-821; that the statute was derived from California and that California decisions have liberally interpreted the California statute and have held that it may be satisfied by a class claim; and that if interpreted as not allowing the class claim, the statute implies a grant of immunity and is void for vagueness. We have considered each of these contentions and reject them.
The purpose of the claims presentation statute is discussed in State v. Brooks. The court set forth three purposes served by A.R.S. § 12-821:
(1) to afford an opportunity to the agency to investigate the merits of the claim and seasonably assess its potential for liability, (2) to afford the opportunity to arrive at a settlement of the controversy and thus avoid the litigation between the state and its citizens, and (3) to establish an orderly procedure by which the legislature will be advised of claims in instances where no provision has been made for payment.
23 Ariz.App. 466, 534 P.2d at 274. All three purposes are thwarted in varying degrees where a class claim is brought against the state. In our opinion, the legislature did not intend that a class claim would satisfy the statute and it is inappropriate for this court to broaden it to do so. Many of the cases from other jurisdictions which are relied upon by appellants deal with deficiencies of a minor nature in the claim and hold there had been substantial compliance with the claims presentation statute. The present case involves more than technical noncompliance. If allowed, the class action, as presented, would bypass the requirements of A.R.S. § 12-821.
We recognize that our interpretation of A.R.S. § 12-821 does not mesh well with rule 23 which permits a class action in superior court. The difficulty lies in the fact that rule 23 is made by the judiciary, whereas the statute is enacted by the legislature in accordance with its constitutional directive to determine in what manner claims may be brought against the state. If the legislature wishes to allow a class claim notice to satisfy A.R.S. § 12-821 it clearly may do so by amendment.
Our interpretation of A.R.S. § 12-821 is given added support by the cases construing the federal claims presentation statute, 28 U.S.C. § 2675(a). See Annot. 48 A.L.R. Fed. 860 (1980). The federal statute is not unlike the Arizona statute. Federal cases have rejected the argument that the claim-filing requirements of the federal statute can be satisfied by means of a class claim which does not meet the requirements of the statute and pertinent regulations. See, e.g., Lunsford v. United States, 570 F.2d 221 (8th Cir.1977). See other cases collected in Annot. 48 A.L.R.Fed. 860.
California decisions relied upon by appellants are contrary but not persuasive on the issue. In City of San Jose v. Superior Court of Santa Clara County, 12 Cal.3d 447, 115 Cal.Rptr. 797, 525 P.2d 701 (1974) and Santa Barbara Optical Co., Inc. v. State Board of Equalization, 47 Cal. *324 App.3d 244, 120 Cal.Rptr. 609 (1975), the California court found that the California claims statute could be satisfied without individual submission of claims. In City of San Jose, for example, the California Supreme Court held that “claimant,” as used in the California statute, should be equated with the class itself and rejected the argument that the statute required the filing of an individual claim for each member of the class. We note there are differences existing between the Arizona and California claims statute and, although the Arizona statute was originally adopted from California, there have been subsequent amendments to the California statute which weaken its use as an analogue. This court has previously construed the claims presentation statute strictly and we do so now.
For the reasons set forth, we hold that A.R.S. § 12-821 must be satisfied by each individual or entity having a contract or negligence claim against the state before an action may be brought in court. The statute is not satisfied by a claim filed on behalf of a class where the claim does not meet the statutory requirements for an individual claim.
Affirmed.
GREER, J., concurs.

. Insofar as appellees are concerned, the Department of Economic Security had responsibility for regulating, licensing and supervising the Ranch, and the Department of Corrections retained supervisory responsibilities to the extent the facility was used for placement of youth offenders.