494 P.2d 698

**JUDSON SCHOOL, an Arizona corporation, Petitioner,**

v.

**David WICK, Real Party in Interest, and The Honorable Roger Strand, Judge of the Maricopa County Superior Court, Respondents.**

**John HOLMAN et al., Petitioners,**

v.

**David WICK, Real Party in Interest, et al., Respondents.**

**No. 10548–PR.**

Supreme Court of Arizona,
In Banc.

March 15, 1972.

Moeller, Hover, Jensen & Henry, by James Moeller, Phoenix, for petitioner Judson School.

John S. Schaper, Phoenix, for petitioners John Holman, Mattie Conway, Margaret Ward, Constance B. Ashley and Henry C. Wick III.

Lewis & Roca, by John P. Frank, and David L. Cocanower, Phoenix, for respondent David Wick.

STRUCKMEYER, Justice.

This matter arose as a Petition for Special Action in the Court of Appeals to prohibit the Superior Court of Maricopa County and the Honorable Roger Strand, Judge thereof, from permitting the aggregation of claims as a class action in a certain pending lawsuit. The Court of Appeals refused to accept jurisdiction and we accepted review, considering that, aside from other aspects of the case, one important jurisdictional issue should be resolved. Petitioner's prayer for relief is denied.

The single issue involved is whether the Superior Court may hear and determine a class action suit where the individual claims of the members of the class are each less than the $200.00 minimum jurisdiction of that court. Respondents contend that the individual claims may be aggregated so that the amount in controversy is the total of the claims of the entire class. Petitioner argues that the opposite view has been adopted by the United States Supreme Court in Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), in construing Federal Rule 23 of the Rules of Civil Procedure and that Arizona adopted the federal rule by an amendment to its Rule 23, 16 A.R.S., effective October 31, 1966, and, therefore, we should follow that case.

The difficulty with petitioner's position is that Snyder is not applicable to the jurisdiction of state courts irrespective of how admirably it may fit the federal scheme of things. To prevent the federal district courts from being overburdened with cases, Congress decided that they should not hear cases based on diversity of citizenship, unless each claim involved as a minimum $10,000.00. *Snyder* points out that the Supreme Court of the United States does not have the power to enlarge the jurisdiction of the federal district courts to include cases excluded by act of Congress.

In *Snyder*, the Court also indicated that when Congress increased the jurisdictional minimum of the district courts, it must have been aware of previous court holdings that claims could not be aggregated. The Court stated:

"Suits involving issues of state law and brought on the basis of diversity of citizenship can often be most appropriately tried in state courts."

It is this statement which differentiates the federal rule from the case at bar.

Were we to hold that claims of less than $200.00 cannot be aggregated in Arizona, there would be no forum where class actions potentially involving millions of dollars and hundreds, possibly thousands of parties could find effective relief. A justice of the peace court clearly is not equipped to handle the serious legal questions frequently posed by a suit on a small claim which should be determinative of the rights of many and it becomes either impossible or it is improvident for one litigant alone to absorb the enormous expense of prosecuting his claim or defending his position.

This problem is not one unique to Arizona and it has been thoroughly examined into by commentaries in the area. *See,* for example: Class Actions by Professor Charles Alan Wright, 47 Federal Rules Decisions 169, 182, et seq., and Revised Rule 23: Aggregation of Claims for Achievement of Jurisdictional Amount, by George A. Bangs, 10 Boston College Industrial and Commercial Law Review, 601–614.

We find it unnecessary now to examine other reasons advanced in this case against aggregation of separate claims of members of a class and dismiss without prejudice to the question whether the action in the Superior Court is otherwise appropriate for a class action.

Petitioner's prayer for relief is denied.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD, J., concur.

HOLOHAN, Justice (dissents):

The rule announced by the majority permitting aggregation of claims under Rule 23 to reach the jurisdictional amount of a Superior Court action is essentially a policy decision. The words "the amount involved" is subject to interpretation and using similar language "matter in controversy" the United States Supreme Court arrived at an opposite result holding that claims may not be aggregated to reach the jurisdictional amount required for federal district courts. Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).

The Legislature provided that the justice courts should have exclusive jurisdiction when the amount involved is less than $200.00, A.R.S. § 22–201, subsec. B. Pursuant to Article 6, section 14 of the Arizona Constitution, A.R.S., the action by the Legislature vests the exclusive jurisdiction for the above type of claims in the justice courts to the exclusion of the Superior Court. Since the Legislature sets the public policy of the State it is my feeling that the Court should support such policy in word and spirit. An individual claim for less than $200.00 should not gain or lose its nature merely because others have the same or similar small claims. The policy should be that such claims remain in the justice courts.

**178**

The majority point out that class actions are not properly a subject for justice court practice, and I agree with this position. A refusal to allow aggregation for purposes of arriving at a jurisdictional amount does not mean that a class action is a proper remedy for a justice court. A.R.S. § 22–211 provides that the procedure and practices in the Superior Court "so far as applicable" govern procedure and practices in justice of the peace courts. It is clear and would be a proper holding that class actions are not applicable to the justice of the peace courts. The power to make procedural rules applicable to any court rests with this Court, Article 6, section 5(5).

The class action is a useful procedural device for bringing before the court a large number of persons who have similar issues to be decided, and in the interest of economy in time and expense to court and litigant the matters can be resolved in a single action. The jurisdiction of the Superior Court is broad enough to deal with almost every area of concern except those instances where the amount involved is less than $200.00 and the Superior Court does not otherwise have jurisdiction. It would seem that in those instances in which the only issue is the amount of money, a claim for less than $200.00 should be prosecuted in the justice court, and the fact that others may have a similar or identical claim should be of no consequence, and the parties should be left to their own individual decisions as to whether to seek recovery for the amount of their claim in the justice court.

The class action can be abused by persons, who for private motives, prosecute a claim for a very small amount on their own part but by aggregating other such small claims in a class action exaggerate the whole controversy all out of proportion to the amount and justice required. It appears to me that the Court's ruling today invites much mischief in the area of the class action. Matters of small consequence can by the device of the class action be made into major controversies by the ambitious, vengeful or ruthless, when, were it

not for such device, the claims would have been resolved in the justice courts or passed over by some claimants as not worth the effort. Requiring that each claim in a class action equal the jurisdictional requirement for Superior Court would avoid such mischief and still provide justice.

In my view the relief sought by the petitioner to prohibit further proceedings in the Superior Court as a class action in this cause should have been granted.