601 P.2d 599

The TANNER COMPANIES, an Arizona Corporation for the benefit of Magini Leasing and Contracting, an Arizona Corporation, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF YUMA, and State of Arizona, real party in interest, Respondents.

No. 14416.

Supreme Court of Arizona, En Banc.

Oct. 10, 1979.

Lewis & Roca by Thomas C. Horne, Phoenix, for petitioner.

Robert K. Corbin, Atty. Gen., by Joe Acosta, Jr., and Richard Kamps, Asst. Attys. Gen., Phoenix, for respondents.

HAYS, Justice.

Denied the right to a jury trial in a breach of contract action against the state, petitioner Tanner Companies filed a petition for special action. Pursuant to Art. 6, § 5(4) of the Arizona Constitution and Rules

4 and 7 of the Rules of Procedure for Special Actions, we accepted jurisdiction. By written order of July 17, 1979, we granted petitioner a jury trial, indicating that an opinion would follow.

Unable to resolve contractual differences with the Department of Transportation, petitioner instituted suit under A.R.S. § 12–821:

> Persons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment.

In addition, petitioner timely requested a jury trial, which was denied.

Petitioner argues that he is entitled to a jury trial under Art. 2, § 23 of the Arizona Constitution and Rule 38(a), Rules of Civil Procedure, the pertinent parts of which follow:

> Art. 2, § 23: The right of trial by jury shall remain inviolate.
> Rule 38(a): The right of trial by jury shall be preserved inviolate.

Respondent contends that the constitution merely preserves the right as it existed at common law. Since there was no right to sue the state when the constitution became effective (February 14, 1912), no right to trial by jury in an action against the state was preserved. Furthermore, respondent reasons, Rule 38(a) does not bestow such a right because under federal law, from which it was adopted, there was no right to a jury trial against the sovereign except upon the sovereign's terms.

Finally, respondent argues, Art. 4, Pt. 2, § 18 of the Arizona Constitution permits the legislature to direct in what manner suits may be brought: "The Legislature shall direct by law in what manner and in what courts suit may be brought against the State." Failure to enact positive statutory law permitting a trial by jury against the state under A.R.S. § 12–821, respondent urges, is proof that no such right was intended under that provision.

## RIGHT TO SUE THE SOVEREIGN

It is axiomatic that the sovereign may not be sued except with its own consent and that it may provide the forms of pleading and rules of practice to be observed in such suits. *McElrath v. United States,* 102 U.S. 426, 26 L.Ed. 189 (1880).

Respondent indulges in specious reasoning by linking the right to sue with the existence of the right to trial by jury. Until our decision in *Stone v. Arizona Highway Commission,* 93 Ariz. 384, 381 P.2d 107 (1963), there was no cause of action against the state for negligence, *i. e.,* the sovereign had not consented to the imposition of liability. This is distinct from *enforcing* a cause of action.

The State of Arizona, however, has always been liable for its contractual obligations, even before the effective date of the constitution. *Poindexter v. Greenhow,* 114 U.S. 270, 5 S.Ct. 903 (1885). Until authorization to sue the state by Laws 1912, Ch. 59, § 1, a private party could not *enforce* a cause of action in contract against the state, but liability existed nonetheless. *Chapman v. State,* 104 Cal. 690, 38 P. 457 (1894); *Carr v. State,* 127 Ind. 204, 26 N.E. 778 (1891). When the sovereign undertakes a consensual arrangement such as contract, it puts aside, for most purposes, the attributes of sovereignty and deals more in the nature of a private individual. If that were not so, then we would have the legal paradox of a bilateral contract in which only one party (the private individual) is actually bound to perform. Therefore, even though the state may defeat enforcement of its liability by not providing a procedure through which an individual may assert his cause of action, the aggrieved party still has a legitimate cause of action. *Chapman, supra.*

We make this distinction in order to avoid possible confusion over the phrase "right to sue." Since there was no enforcement mechanism by which a private individual might assert his cause of action in contract until 1912 and, indeed, no cause of action for negligence until 1963, a discussion of the right to jury trial against the state previous to the statute of 1912 would be purely theoretical.

## RIGHT TO TRIAL BY JURY

The Revised Statutes of 1901, Ch. 11, § 1389, read in part as follows:

In all cases, both at law and in equity, either party shall have the right to submit all issues of fact to a jury.

The above provision was included in the section governing civil procedure.

By virtue of Art. 22, § 2 of the constitution, this law remained in force when Arizona was admitted to statehood on February 14, 1912.*

The legislature authorized suit against the state by Laws 1912, Ch. 59, § 1:

All persons who have, or who shall hereafter have claims on contract or for negligence against the state, which have been disallowed, are hereby authorized, on the terms and conditions herein contained, to bring suit thereon against the state in any of the courts of this state of competent jurisdiction, and prosecute the same to final judgment. *The rules and practice in civil cases shall apply to such suits* except as herein otherwise provided. (Emphasis added.)

Since the right to a jury trial in a civil case already existed in Revised Statutes 1901, Ch. 11, § 1389, *supra*, the manifest intent of the legislature was to allow trial by jury—if timely demanded—as in other civil suits. We note also that the language regarding practice in civil cases is general in nature and not limited to the specific right of trial by jury.

In our opinion, the legislature, from the outset, intended that all the rules of civil procedure—except those particular additional requirements enumerated in the act (Laws 1912, Ch. 59, §§ 2–8)—should apply to suits against the state. An action for breach of contract, compensable in monetary damages, is an action at law and entitles the aggrieved party to trial by jury. *American Surety Co. v. Blake*, 54 Idaho 1, 27 P.2d 972, 91 A.L.R. 153 (1933); *Snell v. Niagara Paper Mills*, 193 N.Y. 433, 86 N.E. 460 (1908).

The provisions permitting trial by jury and suits against the state became §§ 508 and 1791, respectively, in the Revised Statutes of 1913. Both statutes were placed in a section titled "Civil Procedure." Revised Statutes 1913, § 1791 is the predecessor of modern A.R.S. § 12–821, *supra*, under which petitioner brought this suit.

Conceding, *arguendo*, that the right to trial by jury may have existed at one time, respondent maintains that the Revised Code of 1928, § 4379 (successor of Revised Statutes 1913, § 1791 and predecessor of modern A.R.S. § 12–821) eliminated that right:

Persons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and conditions herein contained, bring action thereon against the state, and prosecute the same to final judgment.

We do not agree. It is clear from the act authorizing revision of the code that no substantive changes were intended:

After thus qualifying, the said Commissioner shall at once proceed to revise and codify the laws of the State of Arizona, such revision and codification to be thorough and complete. *The said Commissioner shall not, however, undertake to make any change of existing laws*, but shall harmonize where necessary, *reduce in language*, and remove inconsistencies where the same are found to exist; *it being the intention of this Act that said Commissioner shall in no manner assume to exercise legislative power*, . . . . . (Laws 1925, Ch. 35, § 3; emphasis added.)

The Code Commissioner, who was expressly forbidden to exercise legislative power, emphasized the intent of the legislature: "It was the aim of the Commission to truly carry out the intent of the Legislature to 'reduce in language.'" (Preface, Revised Code 1928, vi.)

*In re Sullivan's Estate*, 38 Ariz. 387, 392–93, 300 P. 193, 195 (1931), presented us with the opportunity to consider legislative intent in revising the code:

Arizona until they expire by their own limitations or are altered or repealed by law; . . .."

---

* In part, this section reads: "All laws of the Territory of Arizona now in force, . . . shall remain in force as laws of the State of

It is well known that it was the object of the code commissioner and the Legislature in preparing the Revised Code of 1928 to change the legal meaning of the existing law as little as possible, but, as stated in the preface to the official edition . . . "to reduce in language" and to avoid redundancy. . . . We should therefore presume that when a word, a phrase, or a paragraph . . . is omitted . . . the *intent is rather to simplify the language without changing the meaning, than to make a material alteration in the substance of the law itself.* . . . (Emphasis added.)

In light of this express intent, we think it implausible that the deletion concerning the rules of practice in civil cases was intended to deprive a claimant of the right to trial by jury. We would have to conclude that, by omitting the reference to practice in civil cases, the legislature intentionally created a vacuum in which no one would know how to proceed in a suit against the state. In short, upon what authority could a claimant rely to conduct his case?

The inherent flaw in respondent's position is that the deletion would have rendered *all the rules in civil cases*—not just the right to trial by jury—totally inapplicable to suits against the state. Such an action would have been in direct contravention of the constitutional mandate of Art. 4, Pt. 2, § 18, *supra*, which states, in part, that the legislature "*shall* direct by law *in what manner and in what courts* suit may be brought against the State." (Emphasis added.) Art. 2, § 32 provides that "[t]he provisions of this Constitution are *mandatory*, unless by express words they are declared to be otherwise." (Emphasis added.) To have abrogated in suits against the state the rules of civil procedure—without simultaneously providing alternative procedures—would have been unconstitutional. That result could hardly have been the intent of the legislature.

Considering that the right to sue the state according to the rules of practice in civil cases had been in existence for sixteen years and that the legislature clearly did not intend to substantially change the law in the Revised Code of 1928, we believe that the reference to rules in civil cases was omitted as excess verbiage because it was already well established—absent specific provisions to the contrary—that such rules applied to suits against the state.

Accordingly, we hold that the right to trial by jury—if timely requested—is available in an action at law under A.R.S. § 12–821.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.