624 P.2d 332

Sharon HANANIA, a single woman, for herself, and on behalf of all others similarly situated, Plaintiff/Appellee,

v.

The CITY OF TUCSON, Arizona, a municipal corporation; The Police Department of the City of Tucson, Arizona; Dorothy O'Neill, in her capacity as custodian of Records, Police Department of the City of Tucson, Arizona; and James Kay, Jr., in his capacity as Director of Finance for the City of Tucson, Arizona, Defendants/Appellants.

No. 2 CA–CIV 3696.

Court of Appeals of Arizona, Division 2.

Dec. 24, 1980.

Rehearing Denied Feb. 4, 1981.

Review Denied March 3, 1981.

O'Dowd & Burke by Bruce A. Burke, Tucson, for plaintiff/appellee.

Frederick S. Dean, Tucson City Atty., by Wm. E. Hildebrandt, City Pros., Tucson, for defendants/appellants.

OPINION

HOWARD, Judge.

 This is a class action wherein the appellee challenged the $1 per page charge which was required by the City of Tucson for copies of accident reports.[1] The trial court granted summary judgment in appellee's favor ruling that the city had been overcharging for the copies.[2] The city ap-

1. This charge was exacted prior to the 1977 amendment to A.R.S. Sec. 39–121.01.

2. Although no money judgment was entered, the trial court made a determination under Rule 54(b), Arizona Rules of Civil Procedure,

pealed and contends that (1) the trial court erred in holding that it had exceeded its statutory authority in the amount of its charges and (2) the trial court had no jurisdiction to enter judgment on a claim of less than $2. We do not agree.

A.R.S. Sec. 39–121.01, prior to its amendment in 1977, stated in part:

"* * *

5. Any person may request to examine or be furnished copies ... of any public record during regular office hours. The custodian of such records shall furnish such copies ... and may charge a reasonable fee if the facilities are available, subject to the provisions of Sec. 39–122. The fee shall not exceed the commercial rate for like service except as otherwise provided by statute.

6. If the custodian of a public record does not have facilities for making copies ... of a public record which a person has a right to inspect, such person shall be granted access to the public record for the purpose of making copies .... The copies ... shall be made while the public record is in the possession, custody and control of the custodian thereof and shall be subject to the supervision of such custodian."

Also applicable to this case is Sec. 20–51 of the Tucson Code which states:

"The director of finance shall establish, at approximate costs to the city, a schedule of fees to be charged for copies of accident reports, files, photographs or other information .... (Effective 11/20/67 to 10/15/79)"

Relying principally upon the provisions of A.R.S. Sec. 39–122, mentioned in A.R.S. Sec. 39–121.01(5), the city contends that it had a right to charge, in addition to the cost of the copies, a fee for searching the records. We do not agree.

A.R.S. Sec. 39–122 sets forth when there must be free searches for and copies of public records. Subparagraph A states in part:

16 A.R.S., that there was no just reason for delay and entered a written judgment. See

"No ... city ... shall demand or receive a fee or compensation for issuing certified copies of public records or for making search for them, when they are to be used in connection with a claim for a pension, allotment, allowance, compensation, insurance or other benefits which is to be presented to the United States or a bureau or department thereof."

Appellant argues that the foregoing statute authorizes it to charge for a search of records. We do not decide whether the statute does in fact authorize such a charge because it is irrelevant to the issues here. First, we believe a search of public records involves more than just a retrieval of an accident report upon request. Furthermore, the evidence demonstrates that the charges were not levied merely for a search or a retrieval; rather, the police department imposed the $1 per page charge only if a person wanted a copy of the accident report. In addition, 20–51 of the Tucson City Code does not give the city authority for making any charges other than for the furnishing of the copy.

Paragraphs 5 and 6 of A.R.S. Sec. 39–121.01, prior to its amendment, make it clear that the only charge to be made is for a copy of the report and not for a search. Paragraph 5 states that the fee for copying shall not exceed the commercial rate. Paragraph 6 provides that if the city does not have the facilities for copying the report, it shall grant access to the record for the purpose of copying. It does not, however, authorize a charge for retrieval of the report under such circumstances.

■ Appellant contends that since the amount involved in Sharon Hanania's claim, $2, is within the exclusive jurisdiction of the justice court, the superior court did not have jurisdiction. We do not agree. Its status as a certified class action gives the superior court jurisdiction to entertain the claim. *Judson School v. Wick*, 108 Ariz. 176, 494 P.2d 698 (1972). Appellant also asserts that summary judgment was improper because an issue of fact existed as to

*Empress Beauty Supply, Inc. v. Price,* 116 Ariz. 34, 567 P.2d 350 (App.1977).

whether the city was charging more than the commercial rate for like services. This contention is without merit, however, as all the evidence indicates that the city was charging more than the commercial rate.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.