139 Ariz. 321 (1983)
678 P.2d 506
John Lewis EVANS, a minor, by Christina Cairns BEEMER, his guardian ad litem, Greg Sven Miller, a minor, by William R. Meyer, his guardian ad litem, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,
v.
ARIZONA DEPARTMENT OF CORRECTIONS; Arizona Department of Economic Security; State of Arizona, Defendants-Appellees.
No. 1 CA-CIV 5873.
Court of Appeals of Arizona, Division 1, Department B.
December 8, 1983.
Review Denied March 13, 1984.
Davich & Pollock, Ltd. by Ted C. Wright, Phoenix, for plaintiffs-appellants.
Lebowitz & Frondorf by Shirley H. Frondorf, Phoenix, for defendants-appellees.
OPINION
FROEB, Judge.
Article 4, part 2, section 18, of the Arizona Constitution provides: "The Legislature shall direct by law in what manner and in *322 what courts suits may be brought against the State." This appeal deals with the statutory requirement that notice be given to the state of a claim against it prior to the filing of a lawsuit. A.R.S. § 12-821. The question we must answer is whether a claim on behalf of a class of persons is sufficient compliance with A.R.S. § 12-821 to give the superior court jurisdiction over a class action. We find that it is not.
Appellants filed individual and class claims against the state defendants (State of Arizona, Department of Economic Security and Department of Corrections) and against non-state defendants (Maricopa County, Circle S Ranch and various administrators and employees of the Ranch). This appeal challenges only the trial court's dismissal of appellants' class claims against the state defendants, leaving intact their class claims against the non-state defendants and their individual claims against all defendants.
Appellants seek damages for physical and emotional abuse they and others suffered while they were residents at the Circle S Ranch, a child welfare agency under the supervision of the state for the treatment of delinquent and emotionally disturbed children.[1]
On June 5, 1979, appellants submitted a claim for $8,000,000 on behalf of themselves and all others similarly situated against the Department of Economic Security seeking damages for breach of the state's duty of care in the regulation and supervision of the Circle S Ranch. This claim and a similar claim against the Department of Corrections submitted on August 9, 1979, were denied on June 20 and September 25, 1979, respectively.
Thereafter, appellants filed suit on November 6, 1979. The amended complaint sought relief individually and on behalf of the class of persons consisting of "[a]ll children under the age of majority or who have reached the age of majority within the period of limitations herein applicable and who were placed at Circle S [Ranch]." The state defendants moved to dismiss the complaint upon the ground that A.R.S. § 12-821 requires the presentation of individual claims. The motion was granted.
Appellants then sought special action relief in the Arizona Supreme Court from the dismissal of their class action. Upon the supreme court's denial of jurisdiction, the trial court, pursuant to rule 54(b), Arizona Rules of Civil Procedure, entered final judgment dismissing appellants' class action against appellees.
Before reaching the merits of this appeal, we address a procedural matter raised by appellees. They argue that this appeal is premature due to appellants' failure to move for class certification as required by rule 23, Rules of Civil Procedure. We reject this argument for two reasons. First, the dismissal of appellants' class action, even though not certified under rule 23, is a final judgment from which appellants may appeal. A.R.S. § 12-2101(B); Reader v. Magma-Superior Copper Co., 108 Ariz. 186, 494 P.2d 708 (1972). Second, appellees did not raise this issue in the trial court and are precluded from doing so now. Cote v. A.J. Bayless Markets, Inc., 128 Ariz. 438, 626 P.2d 602 (App. 1981). We therefore address the merits.
In Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107 (1963), the Arizona Supreme Court abrogated the doctrine of sovereign immunity and allowed suits for negligence to be brought against the state. The court has pointed out, however, that claimants must first meet prerequisites of the claims presentation statute, A.R.S. § 12-821. State v. Stone, 104 Ariz. 339, 452 P.2d 513 (1969).
The parties agree that filing a claim in accordance with A.R.S. § 12-821 is a jurisdictional prerequisite to the filing of a suit against the state. Dassinger v. Oden, 124 *323 Ariz. 551, 606 P.2d 41 (App. 1979); State v. Brooks, 23 Ariz. App. 463, 534 P.2d 271 (1975). We have recently held that disallowance of the claim is not a jurisdictional prerequisite. Mammo v. State, 138 Ariz. 528, 675 P.2d 1347 (App. 1983).
A.R.S. § 12-821 states as follows:
Persons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment.
There is no dispute that appellants timely filed their claim and that it was disallowed. A sum certain was demanded for the class, but amounts were not claimed for individuals. The trial court dismissed appellants' class claim on the ground that A.R.S. § 12-821 requires the identification of specific claims and claimants.
Appellants argue that the phrase "persons having claims" may be satisfied by class notice. They argue that the statute does not specifically bar class claims; that rule 23, Rules of Civil Procedure, expresses a clear policy to allow class redress of claims and that this should be read into A.R.S. § 12-821; that the statute was derived from California and that California decisions have liberally interpreted the California statute and have held that it may be satisfied by a class claim; and that if interpreted as not allowing the class claim, the statute implies a grant of immunity and is void for vagueness. We have considered each of these contentions and reject them.
The purpose of the claims presentation statute is discussed in State v. Brooks. The court set forth three purposes served by A.R.S. § 12-821:
(1) to afford an opportunity to the agency to investigate the merits of the claim and seasonably assess its potential for liability, (2) to afford the opportunity to arrive at a settlement of the controversy and thus avoid the litigation between the state and its citizens, and (3) to establish an orderly procedure by which the legislature will be advised of claims in instances where no provision has been made for payment.
23 Ariz. App. 466, 534 P.2d at 274. All three purposes are thwarted in varying degrees where a class claim is brought against the state. In our opinion, the legislature did not intend that a class claim would satisfy the statute and it is inappropriate for this court to broaden it to do so. Many of the cases from other jurisdictions which are relied upon by appellants deal with deficiencies of a minor nature in the claim and hold there had been substantial compliance with the claims presentation statute. The present case involves more than technical noncompliance. If allowed, the class action, as presented, would bypass the requirements of A.R.S. § 12-821.
We recognize that our interpretation of A.R.S. § 12-821 does not mesh well with rule 23 which permits a class action in superior court. The difficulty lies in the fact that rule 23 is made by the judiciary, whereas the statute is enacted by the legislature in accordance with its constitutional directive to determine in what manner claims may be brought against the state. If the legislature wishes to allow a class claim notice to satisfy A.R.S. § 12-821 it clearly may do so by amendment.
Our interpretation of A.R.S. § 12-821 is given added support by the cases construing the federal claims presentation statute, 28 U.S.C. § 2675(a). See Annot. 48 A.L.R. Fed. 860 (1980). The federal statute is not unlike the Arizona statute. Federal cases have rejected the argument that the claim-filing requirements of the federal statute can be satisfied by means of a class claim which does not meet the requirements of the statute and pertinent regulations. See, e.g., Lunsford v. United States, 570 F.2d 221 (8th Cir.1977). See other cases collected in Annot. 48 A.L.R.Fed. 860.
California decisions relied upon by appellants are contrary but not persuasive on the issue. In City of San Jose v. Superior Court of Santa Clara County, 12 Cal.3d 447, 115 Cal. Rptr. 797, 525 P.2d 701 (1974) and Santa Barbara Optical Co., Inc. v. State Board of Equalization, 47 Cal. *324 App.3d 244, 120 Cal. Rptr. 609 (1975), the California court found that the California claims statute could be satisfied without individual submission of claims. In City of San Jose, for example, the California Supreme Court held that "claimant," as used in the California statute, should be equated with the class itself and rejected the argument that the statute required the filing of an individual claim for each member of the class. We note there are differences existing between the Arizona and California claims statute and, although the Arizona statute was originally adopted from California, there have been subsequent amendments to the California statute which weaken its use as an analogue. This court has previously construed the claims presentation statute strictly and we do so now.
For the reasons set forth, we hold that A.R.S. § 12-821 must be satisfied by each individual or entity having a contract or negligence claim against the state before an action may be brought in court. The statute is not satisfied by a claim filed on behalf of a class where the claim does not meet the statutory requirements for an individual claim.
Affirmed.
GREER, J., concurs.
GRANT, Judge, Dissenting:
The majority decision improperly places the State of Arizona in a position of virtual immunity from class actions. The majority holds that class claims cannot meet the requirements of the Arizona claim presentment statute, A.R.S. § 12-821 et seq., however, careful analysis leads to the conclusion that in certain situations class claims would satisfy A.R.S. § 12-821. Furthermore, governmental immunity from class actions is contrary to the spirit of Ryan v. State, 134 Ariz. 308, 656 P.2d 597 (1982).
The starting point of the analysis is the abrogation of sovereign immunity for the State of Arizona. Ryan v. State. The Arizona Supreme Court in Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107 (1963), overruled its prior decisions, and held that the state was liable for its torts in the same manner as private individuals. Subsequently our Supreme Court held that:
[H]enceforth the broadened scope of the state's subjection to negligence actions shall also be limited by the procedural requirement in § 12-821 of disallowance of any such claim, before a person may bring a suit of this nature against the state.
State v. Stone, 104 Ariz. 339, 342, 452 P.2d 513, 516 (1969).
Based on the language in State v. Stone it has been consistently held that compliance with the claim presentment requirements of A.R.S. § 12-821 is a jurisdictional prerequisite. E.g., Dassinger v. Oden, 124 Ariz. 551, 606 P.2d 41 (App. 1979); State v. Brooks, 23 Ariz. App. 463, 534 P.2d 271 (1975). However, since immunity from suit is the exception rather than the rule, Ramos v. County of Madera, 4 Cal.3d 685, 484 P.2d 93, 94 Cal. Rptr. 421 (1971), courts have liberally construed claim presentation statutes to permit substantial compliance with such statutes. E.g., Brasher v. City of Birmingham, 341 So.2d 137 (Ala. 1976); City of San Jose v. Superior Court, 12 Cal.3d 447, 525 P.2d 701, 115 Cal. Rptr. 797 (1974); Cook v. City of Council Bluffs, 264 N.W.2d 784 (Iowa 1978); Olander v. Sperry & Hutchinson Co., 293 Minn. 162, 197 N.W.2d 438 (1972); Martin v. Township of Rochelle Park, 144 N.J. Super. 216, 365 A.2d 197 (1976); Cook v. City of Yakima, 21 Wash.2d 810, 153 P.2d 279 (1944), cert. denied sub nom. Clark v. State, 325 U.S. 878, 65 S.Ct. 1554, 89 L.Ed. 1994 (1945); Simmons v. City of Bluefield, 159 W. Va. 451, 225 S.E.2d 202 (1975), overruled on other grounds O'Neil v. City of Parkersburg, 160 W. Va. 694, 237 S.E.2d 504, 509 (1977).
A.R.S. § 12-821 provides:
Persons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment.
*325 The requirements under A.R.S. § 12-821 are: (1) persons with contract or negligence claims against the state must (2) present a written demand (3) for a sum certain and (4) with sufficient information for the state to evaluate the demand. State v. Brooks. The claim presentment statute is intended to permit the state agency to assess its potential liability through investigation, to provide an opportunity for settlement, and to advise the legislature of claims which have not been considered. Id.
The majority concludes without discussion that "[a]ll three purposes [served by A.R.S. § 12-821] are thwarted in varying degrees where a class claim is brought against the state." Contrary to the assertion of the majority these purposes will not necessarily be thwarted by the use of a class claim. In fact, a class claim may in some situations better effectuate the purposes behind A.R.S. § 12-821.
Where, as here, the identities of the unnamed class members and the circumstances giving rise to their claims are within the knowledge of the state, a class claim provides an adequate opportunity for an agency to investigate the merits of the claim. Here the purported class is composed of minors alleged to have been negligently placed by the defendants at the Circle S Ranch. Thus, the state was afforded an opportunity to assess its potential liability. Proper assessment of the state's potential liability often should focus not only on each individual claim, but upon all claims which may arise from the state's actions. Such an overview is more easily accomplished through class claims.
A.R.S. § 12-821 is designed in part to avoid litigation and to promote settlements. Proper class claims not only do not promote litigation, but can help to avoid multiple actions. See Santa Barbara Optical Co. v. State Board of Equalization, 47 Cal. App.3d 244, 120 Cal. Rptr. 609 (1975); 3B Moore's Federal Practice ¶ 23-.02[1], p. 23-35 (1982). See also Comment, The Federal Courts Take A New Look At Class Actions, 27 Baylor L.Rev. 751, 751-52 (1975). The same logic which resulted in permitting class action suits pursuant to rule 23, Arizona Rules of Civil Procedure, supports this conclusion.
Finally, class claims are not inconsistent with advising the legislature of claims not otherwise financially provided for. The legislature, as well as the agency, will benefit from the presentation of one overall claim, since this will permit a fuller appreciation of the state's potential liability. Such an appreciation should then lead to the legislature taking corrective measures, if any are needed.
The conclusion that class claims are permissible under A.R.S. § 12-821 is supported by the well recognized principle that all rules of civil procedure generally apply in suits against the state. Tanner Cos. v. Superior Court, 123 Ariz. 599, 601 P.2d 599 (1979). See Ariz.R.Civ.P. 1.
The majority rejects the California position, but provides no rational explanation for such rejection. In City of San Jose v. Superior Court and Santa Barbara Optical Co. v. State Board of Equalization the California courts held that the term "claimant" included a class and rejected the argument that each individual class member must file a claim. The California Supreme Court in City of San Jose gave the following rationale for its decision:
To require such detailed information in advance of the complaint would severely restrict the maintenance of appropriate class actions  contrary to recognized policy favoring them.... We do not believe the claims statutes were intended to thwart class relief.
Moreover, treating the class as claimant is consistent with treatment of the class for purposes of filing the complaint. While section 422.40 of the Code of Civil Procedure requires a complaint to name the "parties," it is settled the pleading need only establish the existence of an ascertainable class rather than name each member of the class.
12 Cal.3d at 457, 525 P.2d at 707-08, 115 Cal. Rptr. at 803-04 (citations and footnote omitted).
*326 I adhere to the view expressed in Bozaich v. State, 32 Cal. App.3d 688, 108 Cal. Rptr. 392 (1973), in a footnote, that:
We are mindful that circumstances might arise under which it might be said that the filing of a class claim with the public entity amounted to compliance with the claim filing requirements of the Government Code in the strict sense because it satisfied fully the intents and purposes of those requirements. For example, it is arguable that where the members of a class are readily ascertainable, have a well defined community of interest in the facts, seek a common recovery, and where the state's liability to the entire class is easily discoverable from its own records, individual claims from each claimant would serve no useful purpose and should be dispensed with.
Id. at 699, n. 5, 108 Cal. Rptr. at 399.
The majority is correct that City of San Jose and Santa Barbara Optical Co. involved a statute with language different from A.R.S. § 12-821. The California statute provides that "[a] claim shall be presented by the claimant or by a person acting on his behalf...." Cal.Gov't.Code § 910 (West 1980). However, the majority does not and cannot logically differentiate the California and Arizona statutes on the "persons having claims" versus "claimant" language. The federal statute, 28 U.S.C. § 2675(a) (Supp. 1983), involved in the federal case law relied upon by the majority also uses the term "claimant." If anything the Arizona statutory scheme presents a stronger case to permit class claims. The California statute specifically required each claim to include, among other things, the name and address of the claimant. Cal. Gov't.Code § 910 (West 1980). Arizona has no such requirement.
While the California decisions are persuasive, the federal decisions relied upon by the majority involve distinguishing considerations. The Federal Tort Claims Act (FTCA) provides in 28 U.S.C. § 2675(a) (Supp. 1983) that:
An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.
The majority somehow conclude that "[t]he federal statute is not unlike the Arizona statute." However, the federal statute, like the California statute contains the term "claimant." A review of the federal decisions which held that a class claim does not satisfy the requirements of 28 U.S.C. § 2675(a) (Supp. 1983) reveals the fallacy of the majority's analogy.
In Harrigan v. United States, 63 F.R.D. 402 (E.D.Pa. 1974), the court held that each class member must independently file an administrative claim. This result was based on the decision in Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), which held that members of a class must each satisfy the $10,000 jurisdictional requirement of 28 U.S.C. § 1332. In Arizona, class members are permitted to aggregate their claims to reach the $200 jurisdictional requirement for suits brought in the superior court. Judson School v. Wick, 108 Ariz. 176, 494 P.2d 698 (1972); Hanania v. City of Tucson, 128 Ariz. 135, 624 P.2d 332 (App. 1980).
In Commonwealth of Pennsylvania v. National Association of Flood Insurers, 520 F.2d 11 (3d Cir.1975), the court held *327 that each individual class member must individually satisfy the exhaustion of remedies requirement of the FTCA. The court relied on detailed federal regulations which required a written claim by the owner of the damaged property or a duly authorized agent or legal representative. 24 C.F.R. § 17.3; 28 C.F.R. § 14.3. Since the FTCA constitutes a waiver of sovereign immunity its procedures are strictly construed. Thus, the court concluded that neither the Act nor the regulations permitted class claims. 520 F.2d at 23.
The Ninth Circuit in Caidin v. United States, 564 F.2d 284 (9th Cir.1977), and the Eighth Circuit in Lunsford v. United States, 570 F.2d 221 (8th Cir.1977), followed the rationale in Flood Insurers in holding that each person must individually comply with 28 U.S.C. § 2675(a). These courts relied on strict construction of the FTCA due to sovereign immunity, and the regulations, 28 C.F.R. § 14.3, to conclude that nothing in the Act indicated a legislative intent to permit class claims.
This line of decisions is not persuasive on the issue before this court. Arizona, unlike the United States, no longer enjoys sovereign immunity. Stone v. Arizona Highway Commission. Thus, substantial compliance with the claim presentation statute is sufficient. Nor does Arizona have long standing regulations which require the claim to be presented by the owner of damaged property or their authorized agent.
In Founding Church of Scientology of Washington, D.C., Inc. v. Director, Federal Bureau of Investigation, 459 F. Supp. 748 (D.D.C. 1978), a new rationale to support the denial of class claims under the FTCA was advanced. The court stated:
Moreover, it is interesting to note that when Congress amended § 2675(a) to its present form in 1966, it considered the possible relationship between the exhaustion requirement and the Federal Rules of Civil Procedure. The last sentence of the provision states:
The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.
Congress thus considered the impact of the exhaustion requirement on the Federal Rules of Civil Procedure and, by virtue of the notion of expressio unius est exclusio alterius, decided not to waive the exhaustion requirement for Rule 23.
Id. at 755. A.R.S. § 12-821 contains no statement on which such a conclusion could be based.
Therefore, given the different standard of construction to be applied by the Arizona courts, the absence of any contrary regulations, and the absence of language from which it can be assumed that the legislature considered the impact of the rules of civil procedure, reliance upon federal case law is misplaced.
For the foregoing reasons I would hold that a class claim is permissible in instances, such as here, where the identity and location of unnamed class members are easily discoverable from the state's records, where such a class has a well defined community of interest in the facts and seeks a common recovery, where the state's liability for its acts to the entire class is discoverable from its own records, and where individual claims would serve no useful purpose.
NOTES
[1] Insofar as appellees are concerned, the Department of Economic Security had responsibility for regulating, licensing and supervising the Ranch, and the Department of Corrections retained supervisory responsibilities to the extent the facility was used for placement of youth offenders.