[Civ. No. 28771.   Second Dist., Div. Four.   Oct. 18, 1966.]

PHILL SILVER, Plaintiff and Appellant, v. THE CITY OF LOS ANGELES et al., Defendants and Respondents.

674

Phill Silver, in pro. per., for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and Jack L. Wells, Deputy City Attorney, for Defendants and Respondents.

FILES, P. J.—This action was commenced by a taxpayer, purportedly on behalf of the City of Los Angeles, to recover into the city treasury the salary paid to the superintendent of the receiving hospital upon the allegation that the superintendent had failed to devote his entire time to the duties of the office. The action was dismissed before trial upon the ground that the second amended complaint failed to state a cause of action, and plaintiff is here appealing from the judgment.

Plaintiff has no basis for criticizing the procedure followed in the trial court. The issue arose there when the defendants moved for a protective order[1] to prohibit the taking of depositions upon the ground, among others, that the complaint stated no cause of action. That motion was placed off calendar pending a special hearing on the underlying legal issue. Plaintiff had an opportunity to argue his position at this hearing and in his motion for rehearing, before judgment was entered against him. The record shows no surprise or unfairness in raising the issue. The infirmity in the pleading is not a mere matter of form, and there is no contention that the complaint could have been improved by amendment. Once it is recognized that the complaint shows that plaintiff has no claim, all concerned should be spared the expense of further

---

[1]Under Code Civ. Proc., § 2019, subd. (b) (1).

proceedings. ■ The fact that another judge had previously overruled a demurrer to this complaint did not bind the court. (*Wrightson* v. *Dougherty,* 5 Cal.2d 257, 265 [54 P.2d 13]; *Kelly* v. *Liddicoat,* 35 Cal.App.2d 559, 563-564 [96 P.2d 186].)

■ The substance of the second amended complaint is as follows:

In 1949 the city council adopted Ordinance No. 95,733 which created a department of city government to be known as the "Department of the Receiving Hospital," to be under the control of a general manager to be called the superintendent. The ordinance prescribes the qualifications and duties of the superintendent, who is to be appointed by a majority vote of the council and removed in the same manner. Section 1 of the ordinance further states: "He [the superintendent] shall devote his entire time to the duties of his office."

In March 1961, defendant Milford X. Anderson was appointed to that position. It is alleged that ever since his appointment Dr. Anderson "has failed and refused to devote his entire time to the duties of his office." Nevertheless, Dr. Anderson has regularly received his salary as superintendent. Plaintiff prays that Dr. Anderson be required to pay back to the city treasury such sums as the court may find he received in excess of what he was entitled to.

The trial court concluded that plaintiff could not state a cause of action because " 'the right to receive salary is an incident to the office, and not to the exercise of its duties,' " citing *Hallinan* v. *Mellon,* 218 Cal.App.2d 342, 348 [32 Cal. Rptr. 446]. In their briefs the parties have argued whether Dr. Anderson is an "officer" within the meaning of that rule, or a mere employee. Our conclusion is that this case is governed by some provisions of the city charter which apply to Dr. Anderson whether he is an officer or an employee, and therefore we need not decide which he is.

The organic law of the City of Los Angeles is a freeholders' charter adopted under section 8 of article XI of the state Constitution, which provides (in subd. (g)) that "the courts shall take judicial notice of the provisions of such charter."

Article IX of the charter, commencing with section 100, provides for a civil service system covering all offices and places of employment excepting only certain positions listed as exempt in section 111. The city attorney states that the superintendent of the receiving hospital is subject to the civil service provisions of the charter, and plaintiff does not

contend otherwise. A reading of section 111 confirms the city attorney's opinion as to this.

Section 112, subdivision (a), of the charter provides that "no person in the classified civil service of the city, other than an unskilled laborer employed by the day, shall be removed, discharged or suspended except for cause, . . ." This section then prescribes the procedures by which a person may be removed, discharged or suspended for cause.

It thus appears that the superintendent of the receiving hospital is protected against suspension or removal from office except for cause, and by means of the procedures set forth in section 112 of the charter. The pleaded facts show that Dr. Anderson was properly appointed to the position of superintendent, and there is no allegation that he has ever been disciplined in the manner provided in section 112 of the charter. It is not alleged that Dr. Anderson abandoned his job, or even that he was absent from it. The only delinquency alleged is that he has failed to devote "his entire time" to the office. Although the charter does not expressly guarantee that the city will not demand a refund of salary by a civil servant who has violated the ordinance governing his position, such a demand would be inconsistent with the disciplinary system established by the charter.

Plaintiff's brief on appeal states that when he made his motion for reconsideration in the trial court he requested permission to file with the court rule 7 of the Civil Service Rules of the City of Los Angeles which, he asserts, "provides that no employee in the classified civil service shall absent himself from duty without leave except in case of sickness or great emergency."

The record on appeal does not disclose such a request. Nevertheless, if plaintiff had applied properly for leave to amend his complaint in this respect, his case would not have been changed in any material respect. We have assumed that the city has some rules and procedures for withholding the pay of a person under civil service who is guilty of unexcused absence. The complaint does not allege that Dr. Anderson was absent or that he failed to perform his duties. The gravamen is that he did something else which the ordinance forbade. Implicit in the allegations of the complaint is the fact that his presence and his performance had satisfied those whose duty it was to ascertain his presence for payroll purposes, and that the salary had been paid. The purpose of plaintiff's action is to obtain a court adjudication that the salary had not been

earned even though those agencies of the city which were empowered by charter and ordinance to suspend him or withhold salary had accepted his performance and caused the salary to be paid. The charter surely does not contemplate that the city may bypass the procedures of section 112, pay the officer or employee his salary, and then sue to recover it upon the ground that he had violated the ordinance which defined his duties.

Since the city has no cause of action, *a fortiori*, plaintiff, who purports to act on behalf of the city, has none.

Plaintiff relies on a number of cases holding that a taxpayer's suit may be brought to recover "illegal expenditures." He relies on cases like *Briare* v. *Matthews*, 202 Cal. 1 [258 P. 939], where a taxpayer's suit was brought to recover salary from an officer who had not been appointed legally, and like *Brown* v. *Boyd*, 33 Cal.App.2d 416 [91 P.2d 926], where the ordinance creating the office was void. In the case at bench no facts are alleged which would indicate that either the ordinance or the appointment was in any way defective.

Upon the facts alleged, the payment of Dr. Anderson's salary was not illegal. His alleged conduct does not constitute grounds for judicial proceedings against him, unless we are prepared to substitute taxpayers' suits for civil service procedures as a means of disciplining city officials.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 14, 1966.