[Civ. No. 39749. First Dist., Div. One. Dec. 15, 1977.]

MARY M. MORRISSEY, Plaintiff and Appellant, v.
CITY AND COUNTY OF SAN FRANCISCO,
Defendant and Respondent.

**COUNSEL**

Edward J. Radlo, John J. Morrissey and Edward H. Berkowitz for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and Donald M. Solomon, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

**ELKINGTON, J.**—During the period March 13, 1970, through March 16, 1970, many civil service employees engaged in a strike against the City and County of San Francisco (City), a charter city. The City thereafter denied its employees "sick leave with pay" during the period

of the strike, except upon "a physician's written certificate stating that the physician had personally examined the employee for each day of absence . . . ."

Plaintiff Morrissey was a civil service employee of the City. "On Friday, March 13, 1970 and again on the following Monday, March 16, 1970, plaintiff took sick leave . . . ." She did not furnish the City a "physician's written certificate" in relation to her "sick leave," and she therefore did not receive her salary for the days of her absence.

On January 7, 1971, plaintiff Morrissey filed an action against the City with the following plaintiff's entitlement: "Mary M. Morrissey, a Civil Service employee of the City and County of San Francisco, on behalf of herself and all other Civil Service employees of the City and County of San Francisco similarly situated, . . ." She alleged therein: "Plaintiff is a member of the class which comprises all Civil Service employees of the City and County of San Francisco who were denied sick leave with pay for the period from March 13, 1970 through March 16, 1970, and her interests are affected in the same manner as the interests of all other members of said class." By the action she sought recovery of "the number of days wages withheld [by the City from each] member of the class," including herself, and of "a reasonable attorney's fee."

Thereafter, April 17, 1975, plaintiff Morrissey filed "Plaintiff's Motion for Certification as a Class Action (Motion for Summary Judgment as to whether Action may be maintained as a class action)." Following hearing on the motion the superior court, July 29, 1975, filed its "Order Denying Plaintiff's Motions for Certification as a Class Action and for Summary Judgment." It provided, as relevant:

"It is Ordered:

"1. Plaintiff's motion to certify this suit as a class action is denied on the grounds that there is an insufficient community of interest in questions of law and fact which would support a class action and further that plaintiff has failed to seek class action status as soon as practicable after commencement of this action as required by Rule 23(c)(1) of the Federal Rules of Civil Procedure.

"2. Plaintiff's motion for summary judgment is denied."

No appeal was taken from that order.

Thereafter, June 8, 1976, following a trial in which the superior court apparently treated plaintiff Morrissey as the only plaintiff of the action, judgment was filed, "that plaintiff take nothing from the defendant . . . ." The appeal before us was taken by plaintiff Morrissey "on behalf of herself and all other civil service employees . . . similarly situated" from the June 8, 1976, judgment.[1]

█ Plaintiff Morrissey first contends error in the superior court's order of July 29, 1975, denying certification of her action as a class action. Responding, the City urges that the claimed error could, and should, have been reviewed on an appeal from that order, and that the contention may not now be considered on appeal from the judgment denying her, individually, any relief.

"The law of this state does not allow, on an appeal from a judgment, a review of any decision or order from which an appeal might previously have been taken . . . ." (*Woodman* v. *Ackerman,* 249 Cal.App.2d 644, 648 [57 Cal.Rptr. 687]; to the same effect see *Mohn* v. *Tingley,* 191 Cal. 470, 492 [217 P. 733]; *Ferraro* v. *Pacific Fin. Corp.,* 8 Cal.App.3d 339, 355-356 [87 Cal.Rptr. 226]; *Brown* v. *Memorial Nat. Home Foundation,* 158 Cal.App.2d 448, 456 [322 P.2d 600, 72 A.L.R.2d 997] [cert. den., 358 U.S. 943 (3 L.Ed.2d 352, 79 S.Ct. 353)]; *West* v. *Parker,* 97 Cal.App.2d 286, 291 [217 P.2d 473]; *Weber* v. *Marine Cooks' & Stewards' Assn.,* 93 Cal.App.2d 327, 339 [208 P.2d 1009]; *Weygandt* v. *Larson,* 130 Cal.App. 304, 310 [19 P.2d 852]; Code Civ. Proc., § 906, last sentence.) The instant issue may therefore be condensed to the question whether an appeal lay from the July 29, 1975, order denying plaintiff Morrissey's motion to certify her action as a class action.

In *Daar* v. *Yellow Cab Co.,* 67 Cal.2d 695 [63 Cal.Rptr. 724, 433 P.2d 732], an order of the superior court had decided, in effect, that a named plaintiff "could neither maintain a class action . . . nor state a cause of action" for damages greater than suffered by himself alone. At issue in the high court was the determination whether the order was appealable as a "final judgment" under Code of Civil Procedure section 963 which then permitted an appeal "from a final judgment entered in an action; . . ." The court stated (pp. 698-699): "In determining whether there has been a final judgment, sometimes a difficult question, we have long adhered to the rule 'that the question, as affecting the right of appeal, is not what the form of the order or judgment may be, but what is its legal

---

[1] Finding the record presented to us incomplete, we have augmented it by ordering up all of the action's superior court files.

effect.' . . . Although an order sustaining a demurrer with or without leave to amend is not the final judgment in the case . . . and is nonappealable . . . here the order under examination not only sustains the demurrer, but also directs the transfer of the cause from the superior court, where it was commenced as a class action, to the municipal court. We must assay the total substance of the order. It determines the legal insufficiency of the complaint as a class suit and preserves for the plaintiff alone his cause of action for damages. In 'its legal effect' . . . the order is tantamount to a dismissal of the action as to all members of the class other than plaintiff. . . . It has virtually demolished the action as a class action. If the propriety of such disposition could not now be reviewed, it can never be reviewed. This court has observed that it 'has long been the rule in this state that an order of dismissal is to be treated as a judgment for the purposes of taking an appeal when it finally disposes of the particular action and prevents further proceedings as effectually as would any formal judgment.' . . . We conclude that the order in the case at bench is in legal effect a final judgment from which an appeal lies . . . ."

Following the rationale and holding of *Daar* v. *Yellow Cab Co.,* it has now been consistently held that an order, whatever form it may take, which has the effect of denying certification as a class action, is an appealable order. *(Wilson* v. *San Francisco Fed. Sav. & Loan Assn.,* 62 Cal.App.3d 1, 3 [132 Cal.Rptr. 903]; *McGhee* v. *Bank of America,* 60 Cal.App.3d 442, 445 [131 Cal.Rptr. 482]; *Santa Barbara Optical Co.* v. *State Bd. of Equalization,* 47 Cal.App.3d 244, 246, fn. 1 [120 Cal.Rptr. 609]; *Wechsler* v. *Laskey-Weil, Inc.,* 42 Cal.App.3d 728, 729 [117 Cal.Rptr. 237]; *Hebbard* v. *Colgrove,* 28 Cal.App.3d 1017, 1021 [105 Cal.Rptr. 172]; *Slakey Brothers Sacramento, Inc.* v. *Parker,* 265 Cal.App.2d 204, 205-206, fn. 1 [71 Cal.Rptr. 269].)

Nothing is seen in *Occidental Land, Inc.* v. *Superior Court,* 18 Cal.3d 355 [134 Cal.Rptr. 388, 556 P.2d 750], tending to impugn *Daar* v. *Yellow Cab Co.* and its lineal authority. In *Occidental Land, Inc.* v. *Superior Court* the trial court had certified the action as a class action. Thereafter the defendant, seeking to overturn that ruling, "filed a motion for an order determining that the action is not a proper class action." (P. 359.) The motion was denied and the defendant sought review by mandate proceedings in the high court. In those proceedings the plaintiff argued preliminarily "that defendant was guilty of laches in making the motion to decertify almost 18 months after the initial ruling." (P. 360.) Finding the contention invalid, the court said: "Our decisions clearly contem-

plate the possibility of successive motions concerning certification. In *Vasquez* [*Vasquez* v. *Superior Court,* 4 Cal.3d 800 (94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513)], we recognized that the courts should retain flexibility in the trial of a class action, for 'even after an initial determination of the propriety of such an action the trial court may discover subsequently that it is not appropriate.' " (P. 360.)

The context of *Occidental Land, Inc.* v. *Superior Court* may be likened to the continuance of an action after the trial court has overruled a general demurrer. Despite that ruling the court may at any time thereafter dismiss the complaint for failure to state a cause of action. (*McClatchy Newspapers* v. *Superior Court,* 26 Cal.2d 386, 395 [159 P.2d 944]; *Wrightson* v. *Dougherty,* 5 Cal.2d 257, 265 [54 P.2d 13]; *Collins* v. *Marvel Land Co.,* 13 Cal.App.3d 34, 45 [91 Cal.Rptr. 291]; *Silver* v. *City of Los Angeles,* 245 Cal.App.2d 673, 675 [54 Cal.Rptr. 203].) In such a case the first order was not legally, or reasonably, appealable. But if in *Occidental Land, Inc.* v. *Superior Court* the initial ruling had *denied* certification as a class action it would, as to the class, have been analogous to an order of dismissal after the sustaining of a general demurrer without leave to amend. In that event, as in *Daar* v. *Yellow Cab Co.,* "the order is tantamount to a dismissal of the action . . . ." From such an order an appeal logically, and legally, lies.

From the foregoing considerations we are obliged to, and do, hold that plaintiff Morrissey may not litigate, on her appeal from the judgment of June 8, 1976, the legality of the superior court's order of July 29, 1975. That order, unappealed, is now final and binding upon plaintiff Morrissey, and upon us.

■ A related argument of plaintiff Morrissey is that when it appeared *at the trial* that she herself had not been entitled to sick leave, her motion to allow "the addition of an unnamed plaintiff to the rank of named plaintiff so as to protect the interests of the class members," should have been granted. That argument also is invalid for, perhaps among other reasons, *at the trial* it had already been conclusively established, by a final unappealed order, that the purported class action was not entitled to certification as such.

The remaining issue concerns the validity of the judgment of June 8, 1976, insofar as it provides that plaintiff Morrissey individually "take nothing from the defendant."

Following the trial the superior court, among other things, found: "The named plaintiff's requests for sick leave on March 13, 1970 and March 16, 1970 were based upon the illness of her child, rather than upon the illness of the named plaintiff." Plaintiff Morrissey makes no contention that this finding of fact is untrue, or unsupported by the evidence. And it appears conceded that the evidence supporting the finding was revealed, for the first time, at the trial.

During the period under consideration, rule 32 of the City's civil service commission, as pertinent, provided: "The . . . employees of the City . . . who are absent from their duties because of illness or disability, as defined in this rule, shall be granted sick leave with pay . . . . *Sick leave with pay is a privilege . . . and should be requested and granted only in cases of absence necessitated because of illness which incapacitates the employee for the performance of his duties . . . .*" (Italics added.) "Sick leave" was thereafter defined by rule 32 as "Absence necessitated because of bona fide illness or injury . . . ."[2]

Having found that the "named plaintiff was not ill on the days in question," the superior court concluded as a matter of law that, by virtue of rule 32, she "was therefore not entitled to any sick leave payments."

■ It is settled law that rules promulgated by a city's civil service commission, within the scope of their application, *have the force and dignity of law,* provided that they are within the authority contemplated by the city's charter. (*Wilson* v. *Civil Service Com.,* 224 Cal.App.2d 340, 344-345 [36 Cal.Rptr. 559]; *Campbell* v. *City of Los Angeles,* 47 Cal.App.2d 310, 312 [117 P.2d 901]; *Bruce* v. *Civil Service Board,* 6 Cal.App.2d 633, 636-637 [45 P.2d 419].) Plaintiff Morrissey here makes no attack on the validity, or authority, of rule 32; her argument is that it must be *interpreted* as conferring sick leave benefits upon an employee whose child becomes ill.

We find ourselves unable to so interpret rule 32. Its language is clear: "Sick leave with pay is a privilege . . . and should be requested and granted only in cases of absence necessitated because of illness *which incapacitates the employee for the performance of his duties . . . .*" (Italics

---

[2] Rule 32 also permitted "sick leave" under certain conditions for "medical or dental appointments," "absence due to quarantine," "absence necessitated by the death" of certain relatives and family members, and "absence due to alcoholism" where the "employee is receiving assistance or has agreed to an approved course of treatment . . . ." It did not purport to allow such "sick leave" on account of the illness of an employee's child.

added.) No construction of the rule in its entirety reasonably permits the conclusion that the illness of an employee's child entitles the employee to sick leave with pay.

When the words of a statute or an authoritatively enacted rule of an administrative agency are clear, the courts should not add to them and thus accomplish an unintended or unapparent purpose. (*Estate of Simmons,* 64 Cal.2d 217, 221 [49 Cal.Rptr. 369, 411 P.2d 97].) "If the language of the statute is plain and certain so that no doubt arises as to its meaning, a bare reading thereof is sufficient, and there is no need for construction." (*Lesem* v. *Board of Retirement,* 183 Cal.App.2d 289, 298 [6 Cal.Rptr. 608].)

The instant contention also is thus without merit.

It becomes unnecessary in our resolution of plaintiff Morrissey's appeal to consider other points and arguments raised by the respective parties.

The judgment is affirmed.

Racanelli, P. J., and Sims, J., concurred.

A petition for a rehearing was denied January 10, 1978, and appellant's petition for a hearing by the Supreme Court was denied February 9, 1978.