[Civ. No. 62091. Second Dist., Div. Five. Nov. 23, 1981.]

BERNARD REICH, Plaintiff and Appellant, v.
CLUB UNIVERSE et al., Defendants and Respondents.

COUNSEL

Bernard Reich, in pro. per., for Plaintiff and Appellant.

Lewis, D'Amato, Brisbois & Bisgaard, R. Gaylord Smith, Graham & James and Norman M. Moltar, Jr., for Defendants and Respondents.

## Opinion

**ASHBY, J.**—Appellant Bernard Reich, an attorney, filed this class action in pro. per. on behalf of himself and all others similarly situated, against defendants Club Universe, Unitours, Inc., Royal Viking Line et al. Plaintiff alleged he was a member of a class of 530 tourists who took a 30-day "Black Sea, Turkey and Greek Isles Air/Sea Cruise Holiday" operated by defendants. The quality of accommodations, meals and service allegedly failed to live up to representations.

The trial court ordered the action dismissed as to all unnamed members of the putative class, permitting the action to proceed only as to appellant's individual cause of action. The order of dismissal was based on res judicata, it having been determined in a prior class action involving identical allegations, that appellant was disqualified to represent the class as its attorney.

### The Prior Litigation

The trial court took judicial notice of the prior class action entitled Sylvia Reich v. Club Universe et al., Los Angeles Superior Court No. CA481. The named plaintiff in that case was appellant's wife, and appellant was the attorney of record. Identical allegations concerning the tour were involved.

On December 13, 1978, the trial court in Sylvia's case disqualified appellant Bernard Reich from continuing as counsel of record for the class. The basis for that ruling was the court's determination, upon conflicting evidence presented in support of and in opposition to the defendants' motion to disqualify appellant, that appellant was an important percipient witness to the alleged deficiencies of the tour, who ought to testify as a witness for the plaintiffs. The court concluded that appellant was therefore disqualified to act as attorney for the class, under *Comden* v. *Superior Court* (1978) 20 Cal.3d 906, 912-916 [145 Cal. Rptr. 9, 576 P.2d 971, 5 A.L.R.4th 562], and rule 2-111(A)(4) of the California Rules of Professional Conduct.[1] The court required the named plaintiff Sylvia Reich to substitute another attorney for the class. She failed or was unable to do so. The court required notice to be

---

[1] 3B West's Annotated California Business and Professions Codes (1974 ed., 1981 cum. supp.) following section 6076, at page 91; Deering's California Codes Annotated Rules (1980 ed.) at pages 274-275. Former rule 2-111 is discussed *post*, at pages 972-973.

sent to members of the class inviting them to nominate another attorney, but none did so. The court set the matter for hearing to show cause why the class action should not be dismissed for plaintiff's failure to substitute an attorney. On October 1, 1979, the court ordered that the action be dismissed as to all unnamed members of the putative class and that it proceed only as to plaintiff Sylvia Reich individually.

No appeal was taken either from the December 13, 1978, order disqualifying Bernard Reich or from the October 1, 1979, dismissal as to all unnamed members of the class. Sylvia Reich, represented by Bernard Reich, did petition the Court of Appeal for a writ of mandate to vacate the disqualification order and the partial dismissal order, which petition was denied without opinion on October 23, 1979. The Supreme Court denied a hearing on November 21, 1979.

## THE PRESENT LITIGATION

On February 1, 1980, appellant filed his complaint in the present case, individually and on behalf of all others similarly situated, making the same allegations that Sylvia had made. Defendants filed demurrers, or in the alternative, motions to strike the class allegations. The court granted the motion to strike the class allegations and dismissed the action as to the unnamed members of the class. The court stated, "... To allow Mr. Reich to appear as counsel in this action for the purported class would allow him to do the very things that Judge Thomas said he could not do in the preceding action. An appeal lay from the order of October 1, 1979, dismissing the prior class. Morrissey v City and County of San Francisco, 1977, 75 C.A.3d 903, 906-907. Mr. Reich may not be permitted to relitigate or to avoid the consequences of that order by maintaining the present suit as a class action. He may, if he desires, continue to maintain it in his own right only, appearing in propria persona."

Appellant contends (1) the order of disqualification in the prior case was erroneous; (2) the orders in the prior case are not res judicata because they were not final appealable orders; (3) respondents are estopped to rely upon the prior orders because respondents led appellant to believe the orders were not appealable; (4) the prior orders are not binding because appellant has a right to prosecute this action in his own name and on behalf of the class; and (5) the prior orders are not binding because of a subsequent amendment to rule 2-111(A) of the Rules of Professional Conduct. None of these contentions is meritorious.

## DISCUSSION

■ In the prior case there was a determination upon the trial court's resolution of conflicting evidence, that appellant was disqualified from acting as attorney for the class. Contrary to appellant's contentions, the orders in the prior case were appealable. They were not appealed, and they became final. Consequently the order of disqualification is binding on appellant, and the merits of that ruling may not be relitigated in the instant case.

An order disqualifying an attorney from continuing to represent a party in a case has been held directly appealable. (*Chronometrics, Inc.* v. *Sysgen, Inc.* (1980) 110 Cal.App.3d 597, 599, fn. 1 [168 Cal.Rptr. 196]; *Kraus* v. *Davis* (1970) 6 Cal.App.3d 484, 487 [85 Cal.Rptr. 846]; *Meehan* v. *Hopps* (1955) 45 Cal.2d 213, 216 [288 P.2d 267].)

Furthermore, an order of partial dismissal as to the class action portions of a complaint is also appealable. (*Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 698-699 [63 Cal.Rptr. 724, 433 P.2d 732]; *Slakey Brothers Sacramento, Inc.* v. *Parker* (1968) 265 Cal.App.2d 204, 205-206, fn. 1 [71 Cal.Rptr. 269]; *Morrissey* v. *City and County of San Francisco* (1977) 75 Cal.App.3d 903, 906 [142 Cal.Rptr. 527]; *Santa Barbara Optical Co., Inc.* v. *State Bd. of Equalization* (1975) 47 Cal. App.3d 244, 246, fn. 1 [120 Cal.Rptr. 609]; *Hebbard* v. *Colgrove* (1972) 28 Cal.App.3d 1017, 1021 [105 Cal.Rptr. 172]; *Wechsler* v. *Laskey-Weil, Inc.* (1974) 42 Cal.App.3d 728, 729 [117 Cal.Rptr. 237].) The authorities cited by appellant are distinguishable. In *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 806 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513], the reason the court held there was no appeal from an order of dismissal as to the class action portion of a fraud cause of action, was that the trial court had not dismissed a second class cause of action based on violation of the Unruh Act, and the plaintiff could not split his causes of action in violation of the one final judgment rule. In *Blue Chip Stamps* v. *Superior Court* (1976) 18 Cal. 3d 381, 387, footnote 4 [134 Cal.Rptr. 393, 556 P.2d 755], the trial court had certified the action as a class action, and the Supreme Court intervened by mandate to prevent a trial of the class action issues, holding that the defendant's remedy by appeal was inadequate, because otherwise the trial, whose unmanageability rendered it inappropriate for a class action, would be forced to proceed. In *Hogya* v. *Superior Court* (1977) 75 Cal.App.3d 122, 128-130 [142 Cal.Rptr. 325], the court apparently assumed that a denial of class certification was not

independently appealable and could be reviewed upon appeal from a subsequent judgment affecting only the individual causes of action, but the court reviewed that denial by way of writ, finding the appellate remedy to be inadequate. That underlying assumption was more thoroughly discussed in *Morrissey* v. *City and County of San Francisco, supra,* 75 Cal.App.3d 903, 906-908, which held, to the contrary, that an order denying certification as a class action was independently appealable and could not be reviewed upon appeal from a subsequent judgment on the individual causes of action. Thus the failure of appellant to appeal the orders in the prior case renders them final and binding upon him. (*Morrissey* v. *City and County of San Francisco, supra.*)

Appellant next contends that respondents should be "estopped" to rely upon the finality of the prior orders, because at the time of the prior orders appellant was under the impression the orders were not appealable and respondents did nothing to dissuade him from this belief. This argument has no merit. Appellant cites a series of letters between himself and opposing counsel after the order of partial dismissal in Sylvia's case, as to possible dispositions and appeals. The letters are wholly inadequate to establish that any kind of fraud was practiced on appellant. Appellant was an attorney fully capable of determining for himself whether the orders were appealable, and he is not entitled to blame opposing counsel for his failure to appeal.

Appellant next contends that even if the orders were final in Sylvia's case they should not apply to appellant. He argues that the court is entitled to look afresh at the issue whether appellant should be disqualified from acting as attorney for the class, because (1) appellant is not the same person as Sylvia; (2) California cases have impliedly authorized the bringing of class actions in the name of the attorney who is handling the suit; and (3) the Rules of Professional Conduct have been amended since the *Comden* case upon which the orders in the prior case were based. None of these grounds justifies relitigating the prior orders.

The issue determined in the prior case is that it would be inappropriate for appellant to act as attorney for the class, because appellant ought to be a witness on behalf of the client. The reasons for the rule prohibiting such a dual role by an attorney-potential witness are (1) an attorney who attempts to be both advocate and witness impairs his credibility as a witness and diminishes his effectiveness as an advocate and (2) such conduct may diminish the public's respect and confidence toward the profession. (*Comden* v. *Superior Court, supra,* 20 Cal.3d

906, 912.) That issue is the same whether it is Sylvia or appellant who is the named plaintiff in the class action. Appellant proposed to be the attorney for the class in both cases. The determination of that issue against appellant as attorney in the prior case should also be determinative here. (See *MIB, Inc.* v. *Superior Court* (1980) 106 Cal.App.3d 228, 232, 235 [164 Cal.Rptr. 828].)

Appellant points out that in the instant case he is not only attorney for the class but also the named class representative. He argues he is in a different capacity in this case, and contends that the court is therefore entitled to reexamine his qualification as attorney. He cites *Pepper* v. *Superior Court* (1977) 76 Cal.App.3d 252 [142 Cal.Rptr. 759], but that case is distinguishable. In *Pepper*, the plaintiff Pepper and his attorney (Bernard Reich) were both members of a country club. Pepper, represented by Reich, sued the club over the validity of the club's fees for transfer of memberships. Reich was disqualified from acting as attorney, on grounds of conflict of interest. Thereafter Pepper died. Reich was co-executor of Pepper's will, and the co-executors were substituted as plaintiffs in the class action. Thereafter the trial court removed Reich as a party plaintiff. The Court of Appeal issued a peremptory writ of mandate, holding that since Reich was co-executor of the will the court had a mandatory duty to substitute him as a party plaintiff. (*Id.*, at p. 263.)

Here no one questions appellant's right to be a plaintiff, in pro. per., in his individual capacity, and to testify as a witness on his own behalf. What appellant wants, however, is more. He wants also to be the attorney for the class. That is precisely the issue determined against him in the prior case. Appellant should not be permitted to avoid so easily the effect of the prior determination, long since final.

Appellant next argues that *Daar* v. *Yellow Cab Co., supra,* 67 Cal.2d 695, 698, and subsequent cases have impliedly sanctioned the practice of an attorney in a class action acting both as named plaintiff and as attorney for the class. (*McGhee* v. *Bank of America* (1976) 60 Cal.App. 3d 442, 451 [131 Cal.Rptr. 482]; *Saxer* v. *Philip Morris, Inc.* (1975) 54 Cal.App.3d 7, 18, fn. 1 [126 Cal.Rptr. 327].) These cases, however, do not discuss the problem in the specific context of *Comden* and rule 2-111. *McGhee* v. *Bank of America, supra,* indicates such dual representation is subject to the discretionary authority of the court. The argument now made by appellant was also made in Sylvia's case, but

that issue was finally determined against appellant there and should not be relitigated.

Finally, appellant contends that res judicata should not apply, because rule 2-111 of the Rules of Professional Conduct was amended after the *Comden* decision and is now more liberal with respect to the continuation of litigation by an attorney who is likely to be a witness for his client. At the time of *Comden*, rule 2-111(A)(4), effective January 1, 1975, required the attorney to withdraw if he knew or should have known that he or a lawyer in his firm ought to be called as a witness on behalf of his client. (*Comden v. Superior Court, supra*, 20 Cal.3d at p. 911, fn. 1.)

*Comden* was criticized by a number of members of the bar. Apparently it was thought that the *Comden* rule had the effect of penalizing lawyers who took an active role in advising and negotiating for their clients, and that the client should have the choice as to whether the disadvantage to the client of having his lawyer as a witness outweighed the disadvantage of losing the services of counsel of the client's choice. (Note (1979) 67 Cal.L.Rev. 824, 838-848.) Consequently the rule was amended to permit continued employment with the fully informed consent of the client. (*Id.*, at pp. 841-842.) Effective November 1, 1979, rule 2-111(A)(4) reads in pertinent part: "If upon or after undertaking employment, a member of the State Bar knows or should know that the member ought to be called as a witness on behalf of the member's client in litigation concerning the subject matter of such employment, the member may continue employment only with the written consent of the client given after the client has been fully advised regarding the possible implications of such dual role as to the outcome of the client's cause and has had a reasonable opportunity to seek the advice of independent counsel on the matter. In civil proceedings, the written consent of a client shall be filed with the court not later than the commencement of trial."

Appellant does not discuss how the amendment would be applied to a class action. The difficulty of applying the rule literally in a class action suggests that the trial court retains its discretion under *McGhee v. Bank of America, supra*, 60 Cal.App.3d at page 451, to permit or not to permit an attorney to act both as named plaintiff and as attorney for the class. Thus we are not persuaded that the law has changed, in any relevant way, since the decision in Sylvia's case. The court's exercise of

discretion in Sylvia's case could have been challenged by appeal but was not. There is no reason to allow appellant to relitigate that issue here.

The trial court correctly concluded that due to the prior adjudication appellant may not be attorney for the class. Appellant did not request the opportunity to substitute a different attorney in this action. Therefore the trial court properly dismissed the action as to class members.

The order of dimissal is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.