[No. A037448. First Dist., Div. Two. Mar. 4, 1988.]

GENERAL MOTORS CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
JOHN A. JUNGLAS et al., Real Parties in Interest.

[No. A037907. First Dist., Div. Two. Mar. 4, 1988.]

JOHN A. JUNGLAS et al., Plaintiffs and Appellants, v.
GENERAL MOTORS CORPORATION et al., Defendants and
Respondents.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and III.

COUNSEL

McCutchen, Doyle, Brown & Enersen, J. Thomas Rosch, James B. Lewis, Jones, Day, Reavis & Pogue, Patrick F. McCartan, Edward Lui, Charles I. Eisner, Robert A. Ballard, Boornazian, Jensen & Garthe, Ned N. Isokawa and Crosby, Heafey, Roach & May for Petitioner and Defendants and Respondents.

No appearance for Respondent Court.

Ernest M. Thayer for Real Parties in Interest and Plaintiffs and Appellants.

OPINION

BENSON, J.—In this action we are asked to determine whether the trial court abused its discretion in certifying a class of all California original purchasers of 1981 Cadillacs equipped with V8-6-4 engines. General Motors Corporation seeks review of the order certifying the class by petition for writ of mandate and/or prohibition. We issued an alternate writ of mandate and stayed all proceedings in the trial court. We are also asked to consider an appeal by the named plaintiffs and real parties in interest, John A. Junglas and Roy W. Moyers, from the same certification order. The appeal urges that the trial court abused its discretion by refusing to certify a

nationwide class and by refusing to certify a class action against the two Cadillac dealers from whom they purchased 1981 Cadillacs.

We ordered the two matters consolidated. For the reasons set forth below we deny the petition for writ of mandate and/or prohibition and dismiss the appeal.

Junglas and Moyer each bought a new 1981 Cadillac automobile equipped with a V8-6-4 engine from General Motors dealers in California. The dealers are Lew Doty Cadillac and Rector Cadillac Company. Both buyers experienced difficulties with the automobiles. On April 16, 1982, they filed a class action against General Motors and the two dealers on behalf of themselves and all purchasers of 1981 Cadillacs equipped with V8-6-4 engines. The core allegations of their action were that the 1981 Cadillacs equipped with V8-6-4 engines which were designed, manufactured, distributed and marketed by General Motors were dangerous, defective and unsafe in that the engines provided sudden and unexpected surges, delays and cessations of power; that the automobiles were defective from the time they were manufactured; and that General Motors knew of the defects but suppressed the information and failed to warn plaintiffs.

On August 8, 1986, the named plaintiffs filed a motion for an order for class certification seeking certification of a national class of all purchasers of 1981 Cadillac V8-6-4 motor vehicles against General Motors and the two California dealers.[1] The motion was continued to September 22, 1986, at General Motor's request and upon their agreement to extend the five-year limitation statute by twenty-eight days. The motion was in fact heard by Judge McKibben on October 9, 1986. The matter was submitted and, on October 15, 1986, the court issued a minute order certifying the class on a statewide basis against General Motors only. The minute order provided plaintiffs' counsel was to prepare the order.[2]

I*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

[1] Petitioner claims this motion was filed on August 25, 1986. That notice of motion is an amended notice. Plaintiffs' appendix provides a file endorsed copy of the notice of motion bearing the file stamp August 8, 1986.

[2] This minute order also incorrectly states that General Motors' motion to dismiss the action is denied. The motion to dismiss was heard and denied by Judge Ballachey on October 7, 1986.

*See footnote, *ante,* page 247.

## II

### Appeal from Class Certification Order

We turn now to plaintiffs' appeal from the order certifying the class. Plaintiffs claim it was error to grant class certification on a statewide basis only and against General Motors only. Plaintiffs have filed, and this court has denied, a petition for writ of mandate which raised the identical issues. (A037707) ■ Plaintiffs admit this is a precautionary appeal. They claim there is a split in authority as to when such an appeal may be taken.

Plaintiffs cite *Guenter v. Lomas & Nettleston Co.* (1983) 140 Cal.App.3d 460, 464-466 [189 Cal.Rptr. 470] and *Morrissey v. City and County of San Francisco* (1977) 75 Cal.App.3d 903, 906-908 [142 Cal.Rptr. 527] for the proposition that an order denying class certification is an appealable order. They cite as contrary authority *Rosack v. Volvo of America Corp.* (1982) 131 Cal.App.3d 741 [182 Cal.Rptr. 800], certiorari denied. 460 U.S. 1012 [75 L.Ed.2d 482, 103 S.Ct. 1253], and *Hogya v. Superior Court* (1977) 75 Cal.App.3d 122 [142 Cal.Rptr. 325]. General Motors and plaintiffs agree that there is a split of authority and further agree that *Rosack* represents the better view.

*Guenter,* decided by Division Three of this court, and *Morrissey,* decided by Division One of this court, both involved appeals after final judgment challenging orders of the trial court denying class certification and dismissing the class allegations. Both cases, relying on the holding in *Daar v. Yellow Cab Co.* [1967] 67 Cal.2d 695, 699 [63 Cal.Rptr. 724, 433 P.2d 732], that the order was appealable when made, held the appeals untimely. In *Hogya* the court apparently assumed without deciding that an immediate appeal from the order dismissing the suit as a class action was not available. That court found that under the facts of the case an appeal after final judgment was not a practical remedy and that appellate intervention by way of writ of mandate was warranted because the issue raised was substantial and one of first impression. (*Hogya v. Superior Court, supra,* 75 Cal.App.3d at pp. 130-132.) In *Rosack,* the court determined an order denying class certification and dismissing the class action was not an appealable order and that "[a] party seeking an earlier appellate review of an order on class certification must rely on a writ of mandate as provided in Code of Civil Procedure sections 1085 and 1086." (*Rosack v. Volvo of America Corp., supra,* 131 Cal.App.3d at p. 749.)

We determine plaintiffs' appeal from this intermediate order certifying a statewide class action against General Motors violates the "final judgment rule" set forth in Code of Civil Procedure section 904.1. The order certify-

ing the class defined the class members as "each entity that was an original purchaser of a 1981 Cadillac V8-6-4 automobile within the State of California." The class numbered 21,000 entities. The class action was certified as to all causes of action against General Motors stated in the first amended complaint.

This order does not have what has come to be known as the "death knell" effect of making further proceedings in the action impractical because of denial of class action status. In *Coopers & Lybrand* v. *Livesay* (1978) 437 U.S. 463, 469-470 [57 L.Ed.2d 351, 358, 98 S.Ct. 2454], the court stated: "The 'death knell' doctrine assumes that without the incentive of a possible group recovery the individual plaintiff may find it economically imprudent to pursue his lawsuit to a final judgment and then seek appellate review of an adverse class determination." Without challenging the assumption, the court held class certification orders were not independently appealable prior to judgment. Our Supreme Court, however, has held that where an order has the "death knell" effect of making further proceedings in the action impractical, the order is appealable. In *Daar* v. *Yellow Cab Co., supra,* 67 Cal.2d 695, the court held that an order sustaining a demurrer to class action allegations and transferring the action from superior court to municipal court was an appealable order. The court stated: "[H]ere the order under examination not only sustains the demurrer, but also directs the transfer of the cause from the superior court, where it was commenced as a class action, to the municipal court. We must assay the total substance of the order. It determines the legal insufficiency of the complaint as a class suit and preserves for the plaintiff alone his cause of action for damages. In 'its legal effect' the order is tantamount to a dismissal of the action as to all members of the class other than plaintiff. It has virtually demolished the action as a class action. If the propriety of such disposition could not now be reviewed, it can never be reviewed." (*Id*. at p. 699, citations omitted.)

Where a trial court has certified a class of 21,000 members, although of lesser scope than requested, and denied a class action status to two causes of action against the automobile dealers, appealability of the order is governed by the holding of our Supreme Court in *Vasquez* v. *Superior Court* [(1971)] 4 Cal.3d 800, 806-807 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513], which determined that an order dismissing one of two causes of action as class actions was not an appealable order. This decision was recently affirmed in *Green* v. *Obledo* (1981) 29 Cal.3d 126, 149, footnote 18 [172 Cal.Rptr. 206, 624 P.2d 256].

We are aware that this decision is contrary to the recent decision of the Fourth Appellate District in *Clothesrigger, Inc.* v. *GTE Corp.* (1987) 191 Cal.App.3d 605 [236 Cal.Rptr. 605]. That court reversed a trial court order

denying plaintiffs' motion to modify the class definition and amend the complaint to state a nationwide class without any discussion of whether the order was an appealable order. We disagree with that opinion because we believe the issue of appealability is governed by the above cited holdings of our Supreme Court and because we believe experience has shown it unwise to allow multiple appeals in a single action. To allow an appeal as a matter of right from each detail of a class certification order would delay trials and vex litigants with multiple proceedings. The detriment of delay and increased costs in pursuing the litigation far outweighs any benefit to the parties of an early determination of a minor correction in a certification order. Allowing such appeals would also have a debilitating effect on judicial administration by injecting appellate courts into the day to day proceedings of trial court law and motion departments and by causing delay in determination of appeals from final judgments in the appellate courts.

## III*

. . . . . . . . . . . . . . . . . . . .

## IV

### Disposition

The alternate writ of mandate is discharged. The petition for writ of mandate is denied. The stay of proceedings in the trial court is lifted. Plaintiffs' appeal is dismissed. Each party is to bear his or its own costs in the appeal.

Kline, P. J., and Rouse, J., concurred.

Petitioner's application for review by the Supreme Court was denied May 18, 1988.

---

* See footnote, *ante,* page 247.