36 Cal.App.4th 692 (1995)
42 Cal. Rptr.2d 529
THOMAS SHELLEY, Plaintiff and Appellant,
v.
CITY OF LOS ANGELES, Defendant and Respondent.
Docket No. B074981.
Court of Appeals of California, Second District, Division Four.
July 7, 1995.
*693 COUNSEL
Vogt & Resnick, James D. Vogt and William A. Kent for Plaintiff and Appellant.
James K. Hahn, City Attorney, Thomas C. Bonaventura, Chief Assistant City Attorney, and Shelley I. Smith, Assistant City Attorney, for Defendant and Respondent.
OPINION
WOODS (A.M.), P.J.
Plaintiff and appellant Thomas Shelley appeals seeking review of a class certification order on the ground that a broader class should have been included. Because we believe that an order partially certifying a class is not a final judgment and therefore not appealable, we dismiss.

I
In May of 1986, appellant was cited for allegedly parking in a "no parking" zone, which resulted in his car being towed and impounded by an *694 independent tow service working for defendant and respondent City of Los Angeles (the City). He believed the citation was unwarranted, and sought a hearing. An employee of the Los Angeles Department of Transportation presided at the hearing provided. This procedure, appellant argues, was in violation of Los Angeles Municipal Code section 80.77.1, which at the relevant time[1] stated: "Hearing officers shall be appointed by the City and shall not be City officials, officers, or employees."
After the hearing officer found probable cause for issuance of the citation, appellant filed a lawsuit on behalf of himself and all others similarly situated "who have likewise had their motor vehicles towed and who were not afforded the opportunity to contest the towing in compliance with the applicable City Ordinance, aforesaid, or as required by the California Constitution, Article I, Section 7."[2] According to the complaint, the hearing officer utilized the wrong burden of proof and inappropriately contacted witnesses and reviewed documentary evidence outside of the hearing room and outside appellant's presence. Appellant also contends he was entitled to certain due process rights, and the City was obliged to give advance notice of all such rights. These rights are identified in the complaint as: "the right to confront his accusers," "the right [to] cross-examination," the right to "say nothing until the City proved its case," the right to "request the impound employee to appear at the hearing," and the "right to receive a summary of the evidence taken at the hearing."
On appellant's motion, the trial court certified a class consisting of "all persons and entities who had their motor vehicles towed by the City of Los Angeles from March 5, 1984, to October 21, 1988, and who were not afforded a hearing to contest the towing in compliance with Los Angeles Municipal Code § 80.77.1. This class is limited to those persons who requested a hearing and who did not receive a hearing required by the Municipal Code § 80.77.1 and who did not prevail at the hearing nor obtain recovery of their towing and storage charges." (Italics added.) Appellant brought this appeal,[3] protesting the limitation imposed by that last sentence, and contending that the class should consist of all persons who had their vehicles towed during the relevant time frame, whether or not they requested a hearing. According to appellant, the intended class would have had 247,000 members, while the certified class is limited to 469.
*695 (1) The first question which we must address is whether the appeal was taken from a final, appealable order. As we believe an order certifying a partial class is not such an order, and dismiss the appeal, we do not reach the other issues raised by appellant.

II
The Supreme Court held in Daar v. Yellow Cab Co. (1967) 67 Cal.2d 695 [63 Cal. Rptr. 724, 433 P.2d 732], that an order denying a class certification motion in its entirety, and preserving for the plaintiff alone his cause of action for damages, "is tantamount to a dismissal of the action as to all members of the class other than plaintiff." (67 Cal.2d. at p. 699.) Such an order "is in legal effect a final judgment from which an appeal lies" because it "virtually demolishe[s] the action as a class action" and "`prevents further proceedings as effectually as would any formal judgment.'" (Ibid.) This is generally known as the "death knell" doctrine, and was reaffirmed in Richmond v. Dart Industries, Inc. (1981) 29 Cal.3d 462 [174 Cal. Rptr. 515, 629 P.2d 23], in which the court held: "A decision by a trial court denying certification to an entire class is an appealable order."[4] Indeed, several cases hold that the failure to seek immediate appeal from denial of class certification is an abandonment of the issue, and cannot be rectified by an appeal after judgment. (Stephen v. Enterprise Rent-A-Car (1991) 235 Cal. App.3d 806, 811 [1 Cal. Rptr.2d 130]; Guenter v. Lomas & Nettleton Co. (1983) 140 Cal. App.3d 460, 465 [189 Cal. Rptr. 470]; Morrissey v. City and County of San Francisco (1977) 75 Cal. App.3d 903, 908 [142 Cal. Rptr. 527].)
The case before us presents a different issue, however: the appealability of an order granting class certification but limiting or restricting the class. Although the Supreme Court has not confronted this issue directly, in Vasquez v. Superior Court (1971) 4 Cal.3d 800 [94 Cal. Rptr. 796, 484 P.2d 964], where the order at issue certified a class for purposes of pursuing one cause of action but not another, it was held: "plaintiffs may not appeal from the trial court's judgment dismissing their first cause of action as a class action because such a course would violate the rule that an appeal may be taken only from a final judgment." (4 Cal.3d at p. 806.) To the same effect was the court's holding in Green v. Obledo (1981) 29 Cal.3d 126 [172 *696 Cal. Rptr. 206, 624 P.2d 256]. There plaintiffs had failed to appeal from an order partially decertifying their class until after the entire action had been resolved, and defendants moved to dismiss the appeal on grounds of untimeliness. The court held that "the order of partial decertification was not `tantamount to a dismissal of the action as to all members of the class,' and was not directly appealable." (29 Cal.3d at p. 149, fn. 18, citing Vasquez v. Superior Court, supra, 4 Cal.3d at pp. 806-807.) In both cases, Daar was distinguished.
In General Motors Corp. v. Superior Court (1988) 199 Cal. App.3d 247 [244 Cal. Rptr. 776], the appellate court concluded that an order certifying a statewide class, rather than the requested nationwide class, was not appealable in that the order "does not have what has come to be known as the `death knell' effect of making further proceedings in the action impractical because of denial of class action status." (Id. at p. 251.) The court's discussion of the detriment which would result from allowing piecemeal appeal of every order concerning the composition of a class is equally apt here: "To allow an appeal as a matter of right from each detail of a class certification order would delay trials and vex litigants with multiple proceedings. The detriment of delay and increased costs in pursuing the litigation far outweighs any benefit to the parties of an early determination of a minor correction in a certification order. Allowing such appeals would also have a debilitating effect on judicial administration by injecting appellate courts into the day to day proceedings of trial court law and motion departments and by causing delay in determination of appeals from final judgments in the appellate courts." (Id. at p. 252.)
We agree with the holding in General Motors.[5] An order certifying a class is subject to modification at any time, and is appealable after final judgment. (Occidental Land, Inc. v. Superior Court (1976) 18 Cal.3d 355, 360 [134 Cal. Rptr. 388, 556 P.2d 750]; B.W.I. Custom Kitchen v. Owens-Illinois, Inc. (1987) 191 Cal. App.3d 1341, 1348 [235 Cal. Rptr. 228]; Grogan-Beall v. Ferdinand Roten Galleries, Inc. (1982) 133 Cal. App.3d 969, 977 [184 Cal. Rptr. 411].) The purpose of the death knell doctrine is to allow an appeal where it appears that "[i]f the propriety of such disposition could not now be reviewed, it can never be reviewed." (Daar v. Yellow Cab Co., supra, 67 Cal.2d at p. 699.) Nothing in this record suggests that the trial court's order has sounded a death knell. The class attorney's only response on being apprised of the court's intentions regarding the scope of the class was to *697 inquire whether notice could be dispensed with. The class as certified consists of close to 500 members, each with claims of at least $50 by appellant's own count.[6] Appellant did not raise the possibility of abandoning his litigation efforts until he filed the reply brief. There he states that "[t]he time commitments and financial costs associated with commencing and maintaining a class action render one with a potential recovery of less than $25,000 unfeasible" and make this "a classic `death knell' situation." But nowhere does he say that the litigation will definitely not go forward under the present class configuration. But even if he had, he has not justified and we would not grant the relief he seeks. At the hearing on the motion to certify, such a scenario was not even discussed.
The order appealed from was not a final appealable judgment, and this appeal is ordered dismissed. Respondent to receive costs on appeal.
Epstein, J., and Hastings, J., concurred.
NOTES
[1] The parties agree this ordinance was in effect in 1986, and was repealed October 21, 1988.
[2] Plaintiff originally brought suit in federal court, claiming violations of his federal civil rights, as well as state law. The federal claims were dismissed, and the state claims left for resolution by state court action.
[3] This is the second time these parties have been before this court. In 1989, the trial court sustained a demurrer without leave to amend and judgment was entered in favor of defendant. In Shelley v. City of Los Angeles (June 21, 1989) B040992 (nonpub. opn.), the Court of Appeal reversed and remanded.
[4] Some appellate courts have expressed doubt as to whether such orders should continue to be appealable, particularly in view of the United States Supreme Court's rejection of the death knell doctrine in Coopers & Lybrand v. Livesay (1978) 437 U.S. 463 [57 L.Ed.2d 351, 98 S.Ct. 2454]. (See, e.g., Dean Witter Reynolds, Inc. v. Superior Court (1989) 211 Cal. App.3d 758 [259 Cal. Rptr. 789]; Rosack v. Volvo of America Corp. (1982) 131 Cal. App.3d 741 [182 Cal. Rptr. 800]; Petherbridge v. Prudential Sav. & Loan Assn. (1978) 79 Cal. App.3d 509 [145 Cal. Rptr. 87]; Hogya v. Superior Court (1977) 75 Cal. App.3d 122 [142 Cal. Rptr. 325].)
[5] Although one appellate court has heard, without discussion of appealabililty, an appeal from an order denying a motion to modify a class (Clothesrigger, Inc. v. GTE Corp. (1987) 191 Cal. App.3d 605 [236 Cal. Rptr. 605]), we believe such an order is not appealable under the authority of Vasquez and Green.
[6] During the period of time when they followed the death knell doctrine, numerous federal appellate courts held that refusal to certify a class did not sound the death knell so long as one claimant appeared to have sufficient incentive, economic or otherwise, to continue the suit. (See, e.g., Bowe v. First of Denver Mortg. Investors (10th Cir.1977) 562 F.2d 640, 643; Johnson v. Nekoosa-Edwards Paper Co. (8th Cir.1977) 558 F.2d 841, 843-844; Share v. Air Properties G., Inc. (9th Cir.1976) 538 F.2d 279, 283; Williams v. Mumford (D.C. Cir.1975) 511 F.2d 363, 367-368 [167 App.D.C. 125].)